JEFFERSON LIFE INSURANCE
COMPANY, Appellant,

v.

Mary KUEHLER, Appellee.

No. 6647.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 21, 1957.

Rehearing Denied Feb. 25, 1957.

Singleton & Trulove, Amarillo, for appellant.

Merchant & Fitzjarrald, Amarillo, R. C. Hamilton, Amarillo, of counsel, for appellee.

NORTHCUTT, Justice.

This is a suit in which Mary Kuehler, as plaintiff, sued Jefferson Life Insurance Company, as defendant, upon a hospital and accident insurance policy issued by said company to the plaintiff. The plaintiff, appellee here, sought to recover certain hospital expenses. The defendant, appellant here, contended it was not liable upon the policy sued upon because of misrepresentations made by the plaintiff in the application for the insurance wherein the plaintiff stated she was in good health, both mentally and physically, and that she had not had the advice or treatment of a medical or surgical nature for the period of three years prior to signing the application. The defendant tendered back the premiums paid by the plaintiff. The case was tried to the court without a jury and judgment was rendered for the plaintiff for the sum of $461. From this judgment defendant perfected this appeal.

The appellant presents this appeal upon four points of error: First, contending the court erred in failing to cancel and annul the policy of insurance because of the false material misrepresentation of the insured within the application; Second,

that the court erred in allowing the hospital claim caused by peptic ulcers because the uncontroverted evidence disclosed that the insured had the same peptic ulcer condition for three years before the policy was issued; Third, the court erred in permitting appellee to testify as to the hospital bills as she was not competent to give such testimony; Fourth, in failing to limit the appellee's recovery to the return of premiums paid.

The trial court did not file any findings of fact nor conclusions of law. The appellant did not offer any evidence to refute the evidence of the appellee where she testified that the agent securing her application for the insurance wrote all the answers on the application and that he did not ask her if she had had any medical or surgical treatment or advice within the last three years. Appellee further testified she thought she was in good health as she had had no trouble. There was nothing in this record to show that appellee ever knew that the question was on the application as to her having had medical or surgical treatment during the previous three years and consequently nothing to show that she made the statement knowing it was false and certainly could not have said that she made such statement willfully and with intention of inducing the insurer to issue her a policy.

Article 21.16 of the Insurance Code, V.A. T.S. provides:

"Any provision in any contract or policy of insurance issued or contracted for in this State which provides that the answers or statements made in the application for such contract or in the contract of insurance, if untrue or false, shall render the contract or policy void or voidable, shall be of no effect, and shall not constitute any defense to any suit brought upon such contract, unless it be shown upon the trial thereof that the matter or thing misrepresented was material to the risk or actually contributed to the contingency or event on which said policy became due and payable; and whether it was material and so contributed in any case shall be a question of fact to be determined by the court or jury trying such case."

Since there was sufficient evidence to sustain the presumed findings of the trial court, the trial court's presumed findings are binding on this court. Appellant's first, second and fourth assignments of error are overruled. We are of the opinion the case of Clark v. National Life & Accident Co., 145 Tex. 575, 200 S.W.2d 820, 822, by the Supreme Court, determines these matters contrary to the contention of appellant, where it is stated:

"The question of whether or not the insured was in 'good health' when the policy was issued was a controverted issue of fact to be determined by the jury, and was foreclosed by the findings of the jury. Vann v. National Life & Accident Ins. Co., Tex.Com. App., 24 S.W.2d 347; Coxson v. Atlanta Life Ins. Co., 142 Tex. 544, 179 S.W.2d 943. Where the testimony is conflicting on an issue of fact, appellate courts will not disturb a verdict of a jury when there is competent evidence to support the findings. Ruebeck v. Hunt, 142 Tex. 167, 176 S.W. 2d 738, 150 A.L.R. 775; Fidelity & Casualty Co. of New York v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955; 3 Tex.Jur., pp. 1093–1097, §§ 767–769.

"The controlling question here is whether or not it was incumbent upon the insurance company to secure jury findings on its allegations of fraudulent representations made by the insured in answer to Questions Nos. 22, 23, and 25. Respondent contends that the testimony is undisputed that the insured made false answers to these questions, and that fraud is shown as a matter of law, and it was

therefore not necessary to submit such issues to the jury.

"Uncontroverted questions of fact need not be and should not be submitted to the jury for its determination; but they are proper subjects for peremptory instructions by the court. Southern Underwriters v. Wheeler, 132 Tex. 350, 123 S.W.2d 340; American Nat. Ins. Co. v. Green, Tex.Civ. App., 96 S.W.2d 727; 41 Tex.Jur., p. 1027, § 228. But in this case it can not be said that the evidence is undisputed and shows, as a matter of law, that insured was guilty of fraud in answering the questions above enumerated.

"The statutes of this State provide what provisions policies of insurance shall contain and what provisions they shall not contain. Articles 4732 and 4733, R.S.1925, Vernon's Ann.Civ.St. arts. 4732, 4733. Subdivision 4 of Article 4732 reads as follows: 'That all statements made by the insured shall, in the absence of fraud be deemed representations and not warranties.'

"It is the settled rule that, in order to avoid a policy, false statements must have been made willfully and with design to deceive or defraud. American Cent. Life Ins. Co. v. Alexander, Tex. Com.App., 56 S.W.2d 864; Great Southern Life Ins. Co. v. Doyle, 136 Tex. 377, 151 S.W.2d 197; Westchester Fire Ins. Co. v. Wagner, 24 Tex. Civ.App. 140, 57 S.W. 876 (writ denied). We find no testimony in this record that conclusively shows that the insured knew that he had heart trouble at the time he signed the application for insurance, or that he made the false answers willfully and with the fraudulent intention of deceiving the insurance company and inducing it to issue the policy.

"It is also well settled in this State that to avoid a policy of insurance because of misrepresentations, the burden is on the insurer to plead and prove, not only that the answers made by the insured were false or untrue, but that the insured knew, or should have known, that they were untrue, and that he made them willfully and with the intention of inducing the insurer to issue him a policy. American Cent. Life Ins. Co. v. Alexander, Tex. Com.App., 56 S.W.2d 864; Doyle v. Great Southern Life Ins. Co., Tex. Civ.App., 126 S.W.2d 735, affirmed 136 Tex. 377, 151 S.W.2d 197; General American Life Ins. Co. v. Martinez, Tex.Civ.App., 149 S.W.2d 637; American Nat. Ins. Co. v. Green, Tex.Civ. App., 96 S.W.2d 727; Provident Life & Accident Ins. Co. [of Chattanooga] v. Flowers, Tex.Civ.App., 91 S.W.2d 847; 46 C.J.S., Insurance, § 1319, pp. 435–437."

■ Under appellant's Point Number Four that appellee was not qualified nor competent to testify concerning regular and usual medical bills incident to any paid claim, we are of the opinion and so hold that under this record it would not be necessary for appellant to show she was competent to testify as to the reasonableness of the charges. The appellant shows she incurred much more than the items covered under the terms of the policy she sued for. For example, she was charged $14 per day for hospital room but the policy only covered $7 per day and appellant admitted in reply to appellee's request for admission of fact as follows:

"Answer to Question No. 6. Defendant is not in a position to either admit or deny that said hospital expense was incurred by the plaintiff but defendant will admit that if said expense was incurred and if said expense were covered that under the terms of the policy $7 per day is allowed for hospital expense and that the items of expense listed under parts b c d and e are items of expense which

are shown to be within the terms of the insurance policy issued to the plaintiff which the defendant now declares to be null and void by reason of the misrepresentation as to the health of the plaintiff at the time said policy was issued and that said policy for said reasons has never afforded the plaintiff any coverage whatsoever."

Appellant's third assignment of error is overruled. Judgment of the trial court is affirmed.