**OCCIDENTAL LIFE INSURANCE COMPANY OF CALIFORNIA, Appellant,**

v.

**Mills KING, Appellee.**

**No. 14057.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 20, 1963.

Rehearings Denied March 20, 1963.

Clemens, Knight, Weiss & Spencer, F. N. Welmaker, San Antonio, for appellant.

Groce & Hebdon, Charles L. Smith, San Antonio, for appellee.

BARROW, Justice.

This is an appeal from a take-nothing judgment entered on appellee's motion for summary judgment. Appellant, Occidental Life Insurance Company of California, hereinafter referred to as Occidental, filed suit within the two-year contestable period to cancel a $500.00 deductible major medical expense insurance policy issued to appellee, Mills King, and for return of benefits already paid under this policy. Occidental alleged that the written application for the policy contained a false answer to the question of other insurance owned by King and that this false answer was made willfully, with intent to induce Occidental to issue the policy and was therefore material. King denied that the answer was false, and, in the alternative, alleged that the question was subject to two or more constructions. Both parties filed motions for summary judgment and, after a hearing, the trial court granted King's motion.

The motions were based upon depositions of Mr. and Mrs. King, and the deposition of Frank J. Hynes, Occidental's agent who sold the policy in question. Occidental also filed an affidavit of the Assistant Manager of its San Antonio office. There are some matters not in dispute. Prior to March, 1960, Mr. and Mrs. King had a policy with Mutual Benefit Health & Accident Ass'n of Omaha, which provided for small medical benefits, among these, it paid $5.00 per day for up to 30 days hospitalization. In response to Mutual's inquiry, Mrs. King sent a card on which she indicated an interest in more hospitalization insurance. This "lead" was given to Hynes who contacted her several weeks before the application in question was completed. He discussed several policies with her, and she also talked to other agents. About March 10, 1960, Mrs. King advised Hynes that she and Mr. King desired to purchase the Occidental policy, and he went to their house to complete the application. Hynes filled out the application form by asking Mrs. King the questions. Mr. King was not present. Question No. 14, reads as follows: "In what companies and amounts do you or any proposed members have hospital, medical or surgical expense insurance?" The answer as completed is "None." After completing this form, Hynes took the application to the office of Mr. King, who signed it and gave Hynes a check for the first year's premium. The application form included a representation that the answers were true and correct to the best of applicant's knowledge and belief. In March, 1961, the policy was renewed by payment of the annual premium. On April 13, 1961, King sustained an accidental injury requiring hospitalization. He filed a claim with Occidental under this policy and in the claim form set out that he had other accident insurance with General American Life Ins. Co. Occidental paid substantial sums under its policy, and then filed this suit. The General American policy had medical benefits which permitted King to recover double benefits on part of his medical expenses from the April, 1961, accident.

There are other facts in the record which are either disputed or which, by reason or their being testified to solely by an interested party, cannot be taken as established. Mrs. King testified that Hynes told her, in connection with her answering Question No. 14, that the Mutual policy was "piddling and immaterial." Mrs. King testified that she did not think that the General American policy was included, as it was an "accident" policy for her husband only. She further testified that she thought she was answering the questions truthfully and had no intent to deceive. Mr. King testified that he had forgotten about the General American policy which he had taken out in 1950, and that he did not recall increasing the limits of this policy in 1958. King testified that he had no intent to misrepresent his coverage on the application, and that it was a bona fide mistake.

Occidental's officer, in his affidavit, stated that the General American policy should have been set forth in answer to Question No. 14, and that the double coverage made

King over-insured. Occidental's manual contained instructions not to issue a major medical policy where the applicant was over-insured and specifically where the applicant had over $1,000.00 hospitalization insurance. Hynes admitted that he did not explain Question No. 14, i. e., he made no inquiry as to King's automobile or house policies which included medical benefits, although he admitted that most people in King's financial circumstances had such coverage.

In their briefs, both parties refer to the answer to Question No. 14 as a representation. Thus, the rule to be applied is stated in Clark v. National Life & Accident Ins. Co., 145 Tex. 575, 200 S.W.2d 820, as follows:

> "It is also well settled in this State that to avoid a policy of insurance because of misrepresentations, the burden is on the insurer to plead and prove, not only that the answers made by the insured were false or untrue, but that the insured knew, or should have known, that they were untrue, and that he made them willfully and with the intention of inducing the insurer to issue him a policy."

Furthermore, Art. 21.16, V.A.T.S. Insurance Code, provides that regardless of the policy provisions, in order to render a policy void because of false answers in an application, it must be shown upon trial that the misrepresentation was material to the risk or actually contributed to the contingency or event on which said policy became due and payable, and that whether it was material and so contributed shall be a question of fact. See also, Trinity Reserve Life Ins. Co. v. Hicks, Tex.Civ.App., 297 S.W. 2d 345, no writ history.

We cannot say from the record made in this summary judgment proceeding that these matters are established for either party as a matter of law. Womack v. Allstate Ins. Co., 156 Tex. 467, 296 S.W.

2d 233; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929.

The judgment of the trial court is reversed and the cause remanded for trial on the merits.