GOLDEN STATE MUTUAL LIFE INSURANCE COMPANY, Appellant,

v.

Almeda WHITE et al., Appellees.

No. 16295.

Court of Civil Appeals of Texas.

Dallas.

Jan. 10, 1964.

Rehearing Denied Feb. 7, 1964.

W. J. Durham and E. Brice Cunningham, Dallas, for appellant.

R. L. McSpedden and Waller M. Collie, Jr., Dallas, for appellees.

WILLIAMS, Justice.

Golden State Mutual Life Insurance Company (hereinafter called Company) brought this action against Almeda White and her husband, Marvin White, and Leon D. Dorsey, doing business as Dorsey Funeral Home, to cancel a policy of life insurance issued by the Company and naming E. (Ezella) Malone as insured, and seeking to permit plaintiff to deposit in the registry of the court the full amount of premiums paid on said policy, together with six percent interest thereon. As grounds for cancellation of the policy it was alleged that Almeda White, being the daughter of Ezella Malone, made application for the policy involved and that in so doing she gave false answers therein concerning the health of her mother; that the answers were untrue and made for the purpose of having the insurance company rely thereon in the issuance of the policy of insurance. Dorsey was shown to have been the assignee of a portion of the proceeds of the policy. The defendants answered, denying the allegations upon which cancellation was sought by plaintiff and, by cross-action, alleged that Ezella Malone was dead and that Almeda White, the beneficiary, was entitled to recover the proceeds of the policy, including double indemnity benefits, plus attorneys' fees and interest. The plaintiff, by amended answer to the cross-action expressly denied that Ezella Malone died as a result of an injury independently of all other causes and solely through external, violent and accidental means within the meaning of the terms of the policy.

At the conclusion of a jury trial the case was submitted upon numerous special issues and, in response thereto, the jury found (1) that the application for the insurance policy in question (signed by Almeda White) did not contain any false statement as to the prior epilepsy of Ezella Malone at the time such application was presented to the insurance company; (6) that the application did not contain a false statement as to the prior high blood pressure of the deceased; (11) that the application in question did not contain a false statement concerning a prior hypertensive cardio-vascular disease of the deceased; (16) that the application for insurance did contain a false statement as to prior treatment by a physician of the deceased and (17) that such false statement was to a material fact but (18) such false statement was not made by Almeda White with intent to induce the insurance company to issue said policy; (21)

that the application did contain a false statement as to the prior treatment and confinement in a hospital of the said Ezella Malone and (22) such false statement was to a material fact but (23) such false statement was not made by Almeda White with intent to induce the insurance company to issue the policy; (26) that Almeda White, in the application for insurance in question, represented that Ezella Malone was in good health at the time the application was made but (27) such false representation was not as to a material fact at the time it was made. Based upon this verdict of the jury judgment was rendered in favor of defendants for the full amount of the insurance policy, together with double indemnity benefits, plus attorneys' fees and interest. From this judgment the Company appeals, assigning twenty-five points of error.

By its first point appellant complains of the action of the trial court in rendering judgment against it because "there was not sufficient legal evidence in the record to support said judgment". This point is too general for our consideration. Phillips v. Le Gallez, Tex.Civ.App., 329 S.W.2d 922; Muncy v. General Motors Corporation, Tex. Civ.App., 357 S.W.2d 430.

By its second point appellant contends that there is no basis for the judgment because "there was not sufficient pleadings filed on the part of the appellees to support such judgment under the terms of the policy upon which said suit was predicated". This point, likewise, is too general and vague to meet the requirements of the briefing rules. Consolidated Forwarding Co. v. Union Truck Depot, Inc., Tex.Civ.App., 356 S.W.2d 693. Even so, we have examined the pleadings and believe that they are amply sufficient. Admittedly appellees did not plead in great detail concerning the double indemnity provisions of the policy. Appellees pled "and that death resulting from such cause resulted in the applicability of the double indemnity provision of the policy of insurance". While this allegation is general it does refer to the provisions of the

policy and in the absence of a special exception directed thereto we are of the opinion that such general allegation was sufficient to give notice to appellant that appellees were pleading to recover the double indemnity benefits under the express terms of the policy issued by appellant. We therefore overrule appellant's second point of error.

By its third point of error appellant says that the court erred in submitting Special Issue No. 1 and resting the judgment upon the answer thereto for the reason that the answer of the jury to such issue is without any legal evidence to support the same and is without any pleadings to support the same. This point is obviously multifarious and therefore in violation of the briefing rules. Rule 418 Texas Rules of Civil Procedure; Texas Mexican Ry. Co. v. Bell, Tex.Civ.App., 110 S.W.2d 199. It should be observed that Special Issue No. 1, inquiring as to a false statement made by appellee Almeda White in the application for insurance, was appellant's own issue. Appellant had pleaded such alleged false statement as a basis for cancellation of the policy. The burden of proof is upon appellant to secure a finding on this issue. Therefore, appellant is taking a peculiar position to complain here that its own pleadings were inadequate. As to the sufficiency of the evidence to support the jury's answer to such issue we have carefully examined the statement of facts and find that there is evidence to support said negative answer given by the jury. Accordingly, appellant's third point is overruled.

By its fourth, fifth, sixth, seventh and eighth points of error appellant complains of the action of the trial court in submitting Special Issues Nos. 6, 11, 18, 23 and 27 to the jury and basing judgment thereon for the reason that there is no legal evidence or proper pleading to support the submission of said issues to the jury and the answer of the jury to each of said issues is without any legal evidence to support same. All of these points must be over-

ruled. In the first place the points are multifarious and do not comply with the briefing rules. Secondly, appellant made no objection to the submission of either of said issues as required by Rule 274, T.R.C.P., and therefore any objection is now waived. Moreover, each of said issues is appellant's own issue and it is in no position to complain of lack of pleadings or evidence to justify the submission of said issues to the jury. Finally, as to that part of these points constituting "no evidence" points we have examined the answer of the jury to each of said issues in the light of the rule announced in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, and find some evidence in the record to support the answers of the jury to each of said issues.

Appellant's Points 9, 12 and 13 present the contention that there is no evidence in this record to demonstrate the creation of a valid contract of insurance between the insurance company and the insured, Ezella Malone. Appellant contends that in the absence of any testimony demonstrating the meeting of the minds of the contracting parties that the trial court should have instructed a verdict in its favor or, in the alternative, should not have rendered a judgment against it under the undisputed record.

We cannot agree with appellant's contentions for several reasons. First, there are no pleadings on behalf of appellant insurance company supporting this theory of cancellation. In its suit to cancel the insurance policy, which it admittedly issued covering the life of Ezella Malone and naming the appellee Almeda White as beneficiary, appellant urges only one ground for such cancellation, namely, false representations on the part of appellee concerning the insured's health. Appellant does not allege lack of mutuality as grounds of cancellation. Moreover, even assuming pleadings sufficient to raise the question, we would be required to overrule these points for the reason that the facts are not undisputed, as contended by appellant. The record reveals that appellant's insurance agent, Tiger Brown, approached appellee Almeda

White and urged her to take out a policy of insurance on the life of her mother; that he prepared the application for said policy at a time when he knew that the insured was not present; that he took the application from the appellee after personally filling out the answers to the questions concerning insured's health; that he collected premiums from the appellee; that he knew the appellee signed the application; that he instructed appellee to sign the application; that appellee paid all of the premiums on the policy and that the appellee received the policy from the insurance company. Appellee Almeda White testified that she had been planning on taking out a policy of insurance on her mother and her brother but that she did not have the money at the present time. She said that the agent told her that he would go ahead and write the policies for her and that she could make the premium payments later. We find some evidence in this record to the effect that appellee Almeda White intended, especially after urging by appellant's agent, to take out the policy of insurance in question on the life of her mother and that in doing so she was not acting for her mother or as her agent. Our Supreme Court, in the early case of Cheeves v. Anders, 87 Tex. 287, 28 S.W. 274, held that it is perfectly legal for one who is interested in the life of another to become the owner of insurance upon the life of such other person and that such policy may be taken out in the first instance by the interested party, with or without the consent of the insured. Absent fraud, there is nothing illegal about a daughter taking out a policy of insurance covering the life of her mother and paying the premium thereon and becoming the beneficiary therein.

Appellant's Points 9, 12 and 13, as "no evidence" points, must be overruled also because there is some evidence in this record to contradict appellant's position, and since appellant made no request of the court to submit any issue of fact to the jury concerning this phase of the case, such contention is waived.

By its Points 10 and 11 appellant assails the judgment of the trial court awarding recovery of double indemnity benefits, contending that appellees wholly failed to meet their burden of proving that the deceased died as a result of bodily injury and independent of all other causes as provided by the insurance policy. We agree with appellant that these points should be sustained.

Appellees alleged that they were entitled to double indemnity benefits under the terms of the policy of insurance in question. The policy provided that the company would pay double indemnity benefits upon "receipt of due proof of the death of the insured as a direct result of bodily injury *and independent of all other causes, effected solely through external, violent and accidental means * * *"*. (Emphasis supplied.) The hospital records demonstrate that Ezella Malone was admitted on June 28, 1961 at which time her condition was diagnosed as "third degree burns, hypertension and epilepsy". There is evidence that the deceased was suffering from severe burns and the death certificate (which will be discussed more fully in connection with succeeding points) reveals that her death was caused by "burns, third degree—over fifty percent". There was also some evidence in the record indicating that the deceased had fallen against a heater causing her clothes to become ignited. Appellant did not resist the idea of accidental death but contended that the accident was caused and brought about by an epileptic seizure which contributed to cause the death of the insured. There is ample evidence in the record to demonstrate that the deceased had been suffering from epilepsy over a period of time prior to her death.

The law is clear that when appellees pleaded that the deceased died under conditions which brought into play the accidental double indemnity benefits of the policy itself, and when the appellant pleaded the exceptions in the policy, the burden rested upon appellees to prove the death of the insured did not come within the exceptions from liability stated in the policy.

Sublett v. American Nat. Ins. Co., Tex.Civ. App., 230 S.W.2d 601. While we think that the pleadings of appellees are sufficient we think that the proof offered in support thereof is wholly inadequate to meet the burden imposed upon them. There is no testimony in this record that Ezella Malone died as the direct result of bodily injury and independent of all other causes, effected solely through external, violent and accidental means. These matters can never be presumed. It is a fact that must be proven by competent evidence. Pan-American Life Ins. Co. v. American Industrial Investment Co., Tex.Civ.App., 207 S.W.2d 173, err. ref. n. r. e It is also well settled that death caused by an accident is not legally the same as death caused by accidental means. Death may be accidental but not due to accidental means. This is clearly demonstrated by our Supreme Court in the case of Bryant v. Continental Casualty Co., 107 Tex. 582, 182 S.W. 673, L.R.A.1916E, 945. Since appellees proved only that the deceased died as a result of an accident but did not go further and negative the requirements of the policy, we think that the court erred in rendering judgment for double indemnity benefits.

By its Points 14 and 15 appellant complains of the action of the trial court in sustaining appellees' alleged objection to a portion of appellant's Exhibit No. 1, being the death certificate introduced by appellant as a part of the proof submitted by the appellees of the death of Ezella Malone and in support of their claim. We think these points are well taken and should be sustained.

The record in connection with Exhibit 1 is rather confused but, after careful study, reveals that at the beginning of the trial appellant offered in evidence the Exhibit 1, being a purported certified copy of death certificate of Ezella Malone. Thereupon appellees made no objection to the authenticity of this instrument but advised the court that they would object to those parts of the death certificate which were not recitations of fact. The court re-

served ruling upon specific objections until such time as the instrument would be read to the jury. Later on during the trial the question of the admissibility of this instrument was again presented and the appellees stated that they would object to the consideration by the jury of one statement contained in the exhibit being: "Epileptic who had seizure and fell against heater and clothes caught on fire". The objection was very general and indefinite. After considerable discussion the trial court stated that he would sustain the objection to this statement. Thereupon counsel for appellees admitted that the death certificate was the same one that was submitted by appellees to appellant as a part of proof of loss and claim for benefits under the policy. At this time appellant then re-offered Exhibit 1 as a part of the proof offered by appellees to appellant requesting payment on the policy. The court again sustained objection of appellees to that part of the instrument recited above and allowed the entire instrument to go to the jury with the exception of the one quoted portion. We think that since the certificate was offered by appellant for the limited purpose of showing that appellees had submitted the certificate to appellant for the purpose of making claim under the policy that same should have been admitted for that purpose only.

By appellant's Points 17 through 22, inclusive, appellant contends that the court erred in rendering judgment for appellees upon the jury verdict for the reason that the answers of the jury are sufficient to support a judgment for appellant. The gravamen of these points is that since the jury found that certain representations were made to obtain the insurance, and such representations were false and with reference to a material fact, it was not encumbent upon appellant to proceed further to secure finding of the jury that such false representations were intentionally made for the purpose of deceiving the insurance company and inducing it to issue the policy. We cannot agree with appellant on these points. The law seems to be settled that where an insurance company seeks to cancel a policy of insurance because of alleged misrepresentations in the application the insurance company must plead and prove not only that the answers were false but that the party making such false answers made them willfully and with the intention of inducing the insurance company to issue the policy. The question was settled by our Supreme Court in Clark v. National Life & Accident Ins. Co., 145 Tex. 575, 200 S.W. 2d 820, in ruling upon the identical point. There the court said:

> "It is also well settled in this State that to avoid a policy of insurance because of misrepresentations, the burden is on the insurer to plead and prove, not only that the answers made by the insured were false or untrue, but that the insured knew, or should have known, that they were untrue, and that he made them willfully and with the intention of inducing the insurer to issue him a policy."

This same rule has been recently reiterated in Occidental Life Ins. Co. of California v. King, Tex.Civ.App., 365 S.W.2d 815, err. ref. n. r. e. See also Golden State Mutual Life Ins. Co. v. Pruitt, Tex.Civ. App., 357 S.W.2d 812; Roosth v. Lincoln National Life Ins. Co., 5 Cir., 269 F.2d 171; Great Southern Life Ins. Co. v. Doyle, 136 Tex. 377, 151 S.W.2d 197; Universal Life & Accident Ins. Co. v. Murphy, Tex.Civ. App., 368 S.W.2d 878; and Jefferson Life Ins. Co. v. Kuehler, Tex.Civ.App., 298 S.W. 2d 619.

Appellant relies upon the case of Inter-Ocean Ins. Co. v. Ross, Tex.Civ.App., 315 S.W.2d 71, no wr. hist. While this case contains wording which might be construed in support of appellant's contention we believe that the decision in this case is governed by the opinion of our Supreme Court in Clark v. National Life & Accident Ins. Co., supra.

We have carefully considered the remainder of appellant's points and finding the

same to be entirely without merit, they are overruled.

In view of what we have said in connection with appellant's Points 10 and 11 above as well as Points 14 and 15, and in the interest of justice, we believe that the judgment of the trial court should be reversed and remanded for another trial.

Reversed and remanded.