**EMPIRE LIFE AND HOSPITAL INSURANCE COMPANY, Appellant,**

**v.**

**Jessie Finnis SHANNON, Appellee.**

**No. 7719.**

Court of Civil Appeals of Texas.

Amarillo.

May 15, 1967.

Robinson & Higgins, Denison, Tom Higgins, Denison, of counsel, for appellant.

Huff & Bowers, Lubbock, Robert W. Gauss, Lubbock, of counsel, for appellee.

DENTON, Chief Justice.

This is a suit to recover benefits under a hospital and accident insurance policy. Appellee, Jessie Finnis Shannon, the insured, died before trial and his widow was substituted as party plaintiff. Plaintiff also sought recovery for the statutory penalty and attorneys' fees. The trial court's judgment, based on a jury verdict, was rendered for appellee for hospital and medical benefits under the policy, for statutory penalty and for attorneys' fees.

Based upon the appellee's application of December 3, 1963, appellant's predecessor issued the insurance policy in question on December 12, 1963. Appellee was hospitalized on January 25, 1965. Medical and hospital benefits resulting from this confinement constitutes the basis of this suit. The insurance company denied liability and pleaded the defense that the insurance policy was procured by fraudulent representation.

Appellant contends the trial court erred in failing to grant its motion for judgment; and in refusing to disregard the jury's finding to Special Issue No. 3 and grant a judgment non obstante veredicto.

The application for insurance, signed by Shannon, inquired if he had had a number of diseases including arthritis, heart trouble and cancer, among others. He answered this inquiry "as #8." Question 8 read: "Has any of the above named persons within the past five years had medical or surgical advice or treatment of any illness or inquiry?" He answered "Yes" and listed treatment for arthritis in 1960 by Dr. R. M. Mayer, and stated he was treated for ulcers in 1963 by the same doctor. He listed no other illnesses or diseases. Dr. Mayer testified at the trial and described various illnesses suffered by Shannon from October 1960 to the time he was hospitalized in January 1965. During this period Dr. Mayer treated Shannon for an enlarged prostate; and in November 1962 he removed Shannon's right testicle. When Shannon

was hospitalized in January and February 1965, it was determined he suffered from cancer of the rectum, but not of the prostate. Dr. J. Walker Davis operated on Shannon for the rectal disease and he described Shannon's prostate as "another 70-year old prostate". Cancer was not positively diagnosed until Shannon entered the hospital in 1965. The parties stipulated the insurance company relied upon the application for insurance as written when it issued the policy involved. Attorneys' fees were also stipulated in the event of recovery by the plaintiff.

The trial court submitted special issues to the jury which submitted the defense of fraudulent representation. The jury found: (1) Shannon failed to include all his previous ailments and physical condition in answers to certain questions in the application for insurance; (2) that such failure on his part was known to him at the time the application was made; (3) that such failure was not willfully and with intent to induce the insurance company to issue the policy; (4) that the principal purpose of Shannon's confinement in the hospital in January 1965 was not for physical examination and diagnosis.

■ It is well settled that in order to avoid a policy of insurance, false statements must have been made willfully and with design to deceive or defraud. Clark v. National Life & Accident Insurance Co., 145 Tex. 575, 200 S.W.2d 820. Allen v. American National Insurance Co., 380 S.W. 2d 604 (Sup.Crt.). Great Southern Life Insurance Co. v. Doyle, 136 Tex. 377, 151 S.W.2d 197. The basis of the claim for benefits here is the hospitalization and medical and surgical treatment for the rectal condition. There is no evidence this condition existed until some fourteen months after the policy had been issued.

■ It is also a settled rule of law that to avoid a policy of insurance because of misrepresentation, the burden is upon the insurance company to plead and prove, not only that the answers made by the insured were false, but that the insured knew they were false, and that he made them willfully and with the intention of inducing the insurer to issue him a policy. Clark v. National Life & Accident Insurance Co. (supra); Golden State Mutual Life Insurance Co. v. White (Tex.Civ.App.) 374 S.W. 2d 901 (Ref. N.R.E.); Occidental Life Insurance Co. of California v. King (Tex. Civ.App.) 365 S.W.2d 815 (Ref. N.R.E.); Universal Life & Accident Insurance Co. v. Murphy (Tex.Civ.App.) 368 S.W.2d 878. The jury found some of the representations were false, however the jury further found none of the representations were made willfully with the intent of inducing the defendant to issue the policy. Since the burden of proof was upon the insurance company to establish by competent probative evidence the essential elements of fraud, it was incumbent upon it to obtain a jury finding on all elements of the alleged misrepresentations. American Central Life Insurance Co. v. Alexander (Tex.Comm.App.) 56 S.W.2d 864; Clark v. National Life & Accident Insurance Co. (supra). The insurance company did not sustain its burden in that it has failed to secure a jury finding that the false representations were willfully made with the intent to induce the issuance of the policy.

■ The insurance company urges that since it is undisputed, and the jury found, the false representations were made; and that the insured knew the representations were false, it necessarily follows as a matter of law such false representations were an effort to induce the company to issue the policy. We do not agree. The record raised the issue of fact, which the jury found adversely to the company's contention.

The judgment of the trial court is affirmed.