**J. Wayne WINFREY, Appellant,**

v.

**Walter Dale LUTTRELL, Appellee.**

No. 7842.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 26, 1967.

———◆———

William J. Adams, Dalton, Moore, Forde & Joiner, Dallas, for appellant.

Bill J. Stephens, Stephens & Stanton, Dallas, for appellee.

DAVIS, Justice.

A suit on a promissory note. Plaintiff-appellant alleged an anticipatory breach, or repudiation, of a note executed by defendant-appellee, dated February 17, 1966, payable on or before February 17, 1969, with interest payable semi-annually from date. The suit was filed November 10, 1966. There is no provision to accelerate the payment of the principal of the note; unless it would be at the will of appellee.

Appellee filed a general denial, the date the note matured, and prayed that appellant take nothing. Appellee then filed a motion for summary judgment based upon the pleading.

Appellant filed a controverting plea to the motion for summary judgment in which he alleged the anticipatory breach in which fact issues were raised that would entitle him to damages as of the date of such breach.

The motion for summary judgment was treated as a plea in abatement because the suit had been prematurely filed, and the case was dismissed. The interest that had accrued on the note at the time of dismissal amounted to $283.80; not within the jurisdiction of the District Court. Appellant has perfected his appeal and brings forward five points of error.

Appellant says the trial court erred in granting the motion for summary judgment, or in dismissing the suit because; (1) there was present genuine issues of material fact; (2) appellee had anticipatorily breached his promise to pay the said note; (3) the pleadings raised issues of law, if supported by evidence of probative value would entitle appellant to judgment for the anticipatory breach; and (5) the defense was not affirmatively raised by the pleading.

Appellee challenges each of the points and says that a negotiable promissory note cannot be anticipatorily breached. In the case of Woessner v. Fly, Tex.Sup.Ct., 1901, 83 Tex.Rep. 198, Chief Justice Willie said:

*"The principal of the note sued on was not, by the terms of the note, made pay-*

*able till some time after the date of the commencement of the suit. The interest accruing upon the note fell due semi-annually only; two installments, amounting together to $491.20, were overdue when the suit was brought. It is contended by appellant's counsel, however, that upon failure to pay the interest as it fell due, the whole debt matured, and hence the suit was not prematurely brought. We know of no authority for this proposition, and we are cited to none sustaining it. As there was no express agreement between the parties that the failure to pay accruing interest should cause the notes to mature, they would not fall due until the date of maturity mentioned in the note itself.*

*"As the interest due upon the note was not sufficient to give the court jurisdiction, and as the only ground upon which the suit could be maintained before the note matured was the suing out of the writ of sequestration, and that had been quashed, there was no error in dismissing the suit, and the judgment is affirmed."*

In the case of Motor & Industrial Finance Corporation v. Hughes, 1957, 157 Tex. 276, 302 S.W.2d 386, Justice Smith said:

*"The failure to pay interest accruing on indebtedness evidenced by a note will not cause the note to mature, or give the holder an option to declare the same due, before the maturity date specified therein unless the parties have made an agreement to that effect.* See Woessner v. Fly, 63 Tex. [Rep.] 198. It is equally well settled that 'a contract to thus accelerate the maturity of a debt gives a remedy that is harsh in its nature, *and provision therefor, in order to be effective, should be clear and unequivocal; and, if there is a reasonable doubt as to the meaning of the terms employed, preference should be given to that construction which will avoid the forfeiture and prevent acceleration of the maturity of the debt.'* Crumley v. Ramsey, Tex.Civ.

App., 93 S.W.2d 191, 192 (er. ref.) An application of these principles to the present case requires a holding that default in the payment of interest does not entitle the plaintiff to mature the principal of the note."

The points of error are overruled.

The judgment of the trial court is affirmed.