John F. HEARD, Jr., et al., Appellants,

v.

CITY OF HOUSTON et al., Appellees.

No. 16485.

Court of Civil Appeals of Texas,
(1st Dist.).

Sept. 18, 1975.

Woody & Rosen, Clyde W. Woody, Marian S. Rosen, Houston, for appellants.

Jonathan Day, City Atty., Alan F. Levin, Senior Asst. City Atty., Dennis C. Gardner, Asst. City Atty., Houston, for appellees.

EVANS, Justice.

This suit was brought by two City of Houston police officers, John F. Heard, Jr. and Wayne M. Jones, against the City of Houston, its Mayor, the Chief of Police, and certain officers of the Civil Service Commission to review an order of temporary suspension entered by the Civil Service Commission under Article 1269m, Tex.Rev. Civ.Stat.Ann. The order complained of suspended the two officers from duty without pay for a period of sixty days. In their pleading the officers sought to have the Commission's order set aside and asked that they be reinstated to duty with compensation paid retroactive to the date of their suspension. Officer Jones also sought to be promoted to the rank of Detective of Police, which position he asserted he would have held had the suspension not taken place. Both officers sought recovery of attorney's fees pursuant to the provisions of Article 2226, Tex.Rev.Civ.Stat.Ann. and, by trial amendment, under the provisions of the Civil Rights Act, 42 U.S.C.A., Section 1983.

In comprehensive findings of fact and conclusions of law the trial court determined that while the final order of the Civil Service Commission was procedurally sufficient, supported by substantial evidence, and based upon a hearing in which the officers were afforded due process of law, the order of suspension could not stand because it was based upon an unconstitutional order requiring the officers to submit to a polygraphic examination. The trial court ordered the officers reinstated with pay for the time they were improperly suspended, and the City has not appealed from that order. The trial court further concluded that it had no jurisdiction to review the Civil Service Commission ruling sustaining the promotional by-pass of Officer Jones and that the officers were not entitled to recover attorney's fees. Officers Heard and Jones appeal from the trial court's judgment denying them this relief.

We first consider the question of whether the trial court had jurisdiction to review the promotional by-pass of Officer Jones.

The trial court's findings reflect that on or about February 1, 1974, Chief of Police C. M. Lynn ordered Inspectors R. J. Clark and B. K. Johnson to conduct an investigation into the alleged involvement of Officers Heard and Jones in an incident which

allegedly had occurred in December, 1973. In an investigative report addressed to Chief Lynn dated February 7, 1974, Inspectors Clark and Johnson referred to various affidavits and statements which had been obtained from police officers and certain other witnesses, which they enclosed with their report. As reflected by these statements and affidavits, the complaining witness contended that she had been sexually and physically abused by two police officers whom she and certain other witnesses subsequently identified at a "show-up" as Officers Heard and Jones. The inspectors' report further indicated that Officers Heard and Jones had admitted their involvement to a superior officer, Sgt. W. T. Bolin, but denied that they had abused the complaining witness, contending that she had participated voluntarily. The report also made reference to affidavits of Officers Heard and Jones wherein they denied the allegations of the complaining witness and refused, upon advice of counsel, to take polygraph examinations. The report concluded that on the basis of the affidavits and statements obtained and conferences with the officers involved, the complainant had a "just complaint" and that the two officers would not have confessed to Sgt. Bolin unless they had been in fact guilty. It was the inspectors' recommendation that the two officers be indefinitely suspended from the Police Department.

On February 14, 1974, Chief Lynn advised the Civil Service Commission that he had indefinitely suspended Officers Heard and Jones because of immoral or criminal conduct pertaining to the above mentioned incident and by reason of their refusal to comply with a written order to submit to a polygraph examination. By letter of same date he advised the Civil Service Commission of his decision to by-pass Officer Jones who at that time occupied first place on the Civil Service Eligibility List for promotion to a vacant position of Detective.

The reasons given in Chief Lynn's letter for the promotional by-pass of Officer Jones were set out in detail in his letter to the Commission. In essence, Chief Lynn stated that Patrolman Jones and another officer on or about December 14, 1973, had admitted to their supervisor that they had been involved in the incident and that sometime during the Christmas holidays in December, 1973, Officer Jones upon questioning by another supervisor, Captain Zoch, had denied ever having any contacts with the complaining witness. Chief Lynn further reported, in his letter to the Commission, that on or about February 6, 1974 Officer Jones had been directed to submit to questioning concerning the inter-departmental investigation pertaining to the incident and to answer questions concerning the allegations made by the complaining witness, and that Officer Jones had refused to participate in such an investigation other than to sign a statement that he had read the statements of certain police officers and the statement taken from the complaining witness and denied any involvement in the matter. Chief Lynn further advised that Officer Jones had been ordered to submit to a polygraph examination to be conducted by personnel of the Houston Police Department pertaining to the incident and had refused to submit to that test upon the advice of his counsel.

Subsequently on March 13, 1974 Officer Jones was again by-passed for two additional vacancies for the same reasons as stated in Chief Lynn's letter of February 14, 1974. Having then been passed over three times, Officer Jones was no longer eligible for promotion under the provisions of Section 14 E, Article 1269m, Tex.Rev.Civ.Stat.Ann.

On March 22, 1974, the Civil Service Commission entered an order which recited that after a full hearing of the evidence the following findings and conclusions had been reached:

"The Commission makes no finding or conclusion with regard to the allegations under Part I of the letter of indefinite suspension owing to the conflicts in the testimony, and the Commission's limited authority and budget;

"The Commission does find and conclude, however, that the charges contained in Part II of the letter of indefinite suspension alleging, generally, insubordination for failure to obey a direct written order, are in all things true and correct, but further finds that a temporary suspension should be ordered in lieu of an indefinite suspension."

This order contains no specific finding regarding the promotional by-pass of Officer Jones and there is some testimony in the record indicating that the Commission may have made its determination with respect to that matter on some subsequent hearing date.

It is the contention of Officer Jones that he was passed over for promotion because he had been illegally suspended from duty in violation of his constitutional privilege not to submit to a polygraph examination. Appellees concede that if the promotional by-pass was based solely upon an unconstitutional reason, the trial court should properly have assumed jurisdiction. Appellees contend, however, that the trial court was without jurisdiction to review the merits of the promotional by-pass if it determined there was a constitutionally valid basis for the Commission's action.

■ There is no statutory authority for an appeal from an order of the Commission sustaining the action of a department head in refusing to promote an employee who has the highest grade on the eligibility list. *Cash v. City of Houston*, 426 S.W.2d 624, 628 (Tex.Civ.App.—Houston [14th], 1968, writ ref'd n. r. e.); *City of Amarillo v. Hancock*, 150 Tex. 231, 239 S.W.2d 788 (1951). Nor is there any inherent right to judicial review of such order unless it is shown that the Commission's action violates some constitutional principle. *Firemen's and Policemen's Civil Service Commission v. Kennedy*, 514 S.W.2d 237 (Tex.1974); *Lee v. Firemen's and Policemen's Civil Service Commission of San Antonio*, 526 S.W.2d 553 (Tex.Civ.App.—San Antonio, 1975, not yet reported).

■ We believe the trial court acted correctly in determining that it was without jurisdiction to review the Commission's action in upholding the promotional by-pass of Officer Jones. The initial determination of whether or not a police officer should be promoted to a higher position is a matter peculiarly within the discretion of the Police Chief who has the ultimate responsibility for the professional standards of his officers. In making this determination the Police Chief, as head of his department, must rely to considerable degree upon the reports and advice of his officers who have supervisory responsibility over the Police Department personnel.

■ The testimony adduced at the trial confirmed that Chief Lynn had appointed two inspectors, Clark and Johnson, to investigate the incident and to report to him as to the alleged involvement of Officers Heard and Jones. The testimony further indicated that as a result of this investigation, Officers Heard and Jones had been confronted with the statement of Sgt. Bolin to the effect that they had previously admitted their involvement, and had then and thereafter denied being in any way involved. In considering whether a particular officer has shown such reliability and fitness to be promoted to a higher office, a chief of police might properly consider not only any question raised by pending charges or allegations, but also the officer's reaction to such charges and the nature of the officer's cooperation in effecting a prompt determination of the matter.

■ While the discretion reposed in a chief of police is not without limitation, the legislature has designated the Commission as the final arbiter of his actions with respect to such matters, absent a showing of some constitutional violation. *Firemen's and Policemen's Civil Service Commission v. Kennedy,* supra. It does not appear from the record that the action of the Chief of Police on the promotional by-pass of Officer Jones was based solely upon the refusal of

Officer Jones to submit to a polygraph examination, and we find, as did the trial court, that there is no constitutional basis for review of the administrative action of the Commission in that matter.

We further hold that the trial court did not err in refusing to award attorney's fees to Officers Heard and Jones based upon the provisions of the Civil Rights Act, 42 U.S.C.A., Section 1983. Under Texas law, attorney's fees are not recoverable unless expressly authorized by statute. *Turner v. Turner*, 385 S.W.2d 230, 233 (Tex.1964). In the instant case Officers Heard and Jones sought and obtained relief under Article 1269m, Tex.Rev.Civ.Stat. Ann., and were not forced to rely upon the provisions of the Civil Rights Act to obtain the relief sought. We recognize that a federal court in the exercise of its equity jurisdiction may, in its discretion, award attorney's fees in an appropriate case even though the Civil Rights Act does not expressly provide for their recovery. *Lee v. Southern Home Sites Corp.*, 429 F.2d 290 (5th Cir. 1970). However, notwithstanding the authority of a federal equity court to award attorney's fees under Section 1983, we hold that in the case at bar, which was brought under our State's statutory scheme, the trial court properly refused to award attorney's fees based upon the federal statute, even though a constitutional issue was involved. See *Davis v. Coffee City, Texas*, 356 F.Supp. 550, 555 (E. Dist. Texas 1972).

The judgment of the trial court is affirmed.