**Ruth J. ROPER, Appellant,**

v.

**JEOFFROY MFG., INC., Appellee.**

No. 8593.

Court of Civil Appeals of Texas, Amarillo.

March 8, 1976.

Rehearing Denied April 19, 1976.

Thomas M. Gumfory, Spearman, for appellant.

Whittenburg Law Firm, Mack Whittenburg, Amarillo, for appellee.

ROBINSON, Justice.

Plaintiff, Jeoffroy Mfg., Inc., brought suit against a husband and wife, Roy Roper and Ruth J. Roper, as co-makers on a note. The trial court, sitting without a jury, upheld the husband's plea of limitations, but

overruled that of the wife and entered judgment against the wife only. The wife, Ruth J. Roper, appeals. Affirmed.

■ On July 18, 1968, Roy Roper and Ruth J. Roper executed a promissory note in favor of plaintiff Jeoffroy. The note was due on January 18, 1969. The cause of action did not accrue until maturity of the note. *Winfrey v. Luttrell,* 419 S.W.2d 406 (Tex.Civ.App.—Texarkana 1967, no writ). The four year statute of limitations is applicable to a suit on a note. Tex.Civ.Stat.Ann. art. 5527 (1958). Thus, unless otherwise tolled, the statute of limitations had run January 19, 1973. See *Seibert v. Sally,* 238 S.W.2d 266 (Tex.Civ.App.—Galveston 1951, no writ).

Jeoffroy filed suit on July 20, 1973, and Roy Roper was served with citation on June 13, 1974. Ruth Roper was never served, but both Mr. and Mrs. Roper answered on August 5, 1974.

■ By findings of fact the trial court found that Mrs. Roper had been absent from the state for a length of time sufficient to extend the period of limitations as to her past the August 5, 1974 date on which the Ropers filed their answer. Those findings of fact are not challenged on appeal. Thus, under the facts before us, suit was filed and Mrs. Roper answered before the running of the statute of limitations as to her. The filing of her answer dispensed with the necessity for service of citation upon her. *St. Louis & S.F.R. Co. v. Hale,* 109 Tex. 251, 206 S.W. 75 (1918); *Parr v. First State Bank of San Diego,* 507 S.W.2d 579 (Tex.Civ.App.—San Antonio 1974, no writ). Rule 121, Texas Rules of Civil Procedure.

In *Rigo Manufacturing Company v. Thomas,* 458 S.W.2d 180 (Tex.1970) and *Buie v. Couch,* 126 S.W.2d 565 (Tex.Civ. App.—Waco 1939, writ ref'd), both cited by appellant, the plaintiff attempted to have the statute tolled by the filing of the petition alone and service was not had until after the running of the period of limitation. In such cases, diligence must be exercised in securing service of citation, but those cases are not in point with the facts before us. The question of diligence in obtaining service is not raised where service is obtained or answers made within the period of limitation. Appellant's contention that the trial court erred in rendering judgment against her because the evidence is legally and factually insufficient to show diligence in serving her with citation is overruled.

■ Appellant next contends that "the district court erred in failing to render judgment in favor of the defendant, as the testimony shows that there was an accord and satisfaction of the community debt when equipment was transferred by defendant's husband to plaintiff corporation." The testimony concerning the agreement at the time of the transfer of the equipment in question by Roy Roper to Jeoffroy is in conflict. Jeoffroy's representative testified that there was no connection between the note and the transfer of the equipment. The evidence does not establish as a matter of law that the equipment was given in payment of the note in question. It, at most, presented a controverted issue of fact to be determined by the trier of facts. The trial court did not err in finding the fact against appellant.

■ Appellant's contention that the trial court erred in rendering judgment against the wife on a community debt when the cause of action was barred to the husband is overruled. In *Cooper v. Texas Gulf Industries, Inc.,* 513 S.W.2d 200 (Tex.1974) and *Dulak v. Dulak,* 513 S.W.2d 205, 207 (Tex.1974), the Supreme Court held that a spouse may be sued without the joinder of the other spouse in an action concerning joint community property and that the judgment unless otherwise erroneous is binding on those who were parties to the suit but not on those who were not before the court.

In *Dulak* the court said:

. . . In *Griffin Cooper v. Texas Gulf Industries, Inc.,* 513 S.W.2d 200 (Tex. 1974), decided today, this court has ruled that the Family Code has abolished the doctrine of virtual representation where-

by the husband could act for and represent the wife in an action concerning their joint community property. Section 5.22 of the Family Code terminated that practice, and in the case of joint management community property, the wife is now a joint manager. She is as individual as is her husband. Her rights, like his, may be affected only in an action which calls her to answer the same as any other joint owning individual.

Thus, it is not error for the court to render judgment against one spouse when both answer, but each have separate defenses, one of which is good and one of which fails.

■ Appellant's final point of error, that the plaintiff's pleadings will not support a judgment against her individually, was neither briefed nor argued in the brief. Such a failure to brief and argue a point of error constitutes a waiver of it, and such a point will not be considered on appeal. *Phagen v. State,* 510 S.W.2d 655, 659 (Tex.Civ.App.— Fort Worth 1974, writ ref'd n. r. e.); *Carrick v. Hedrick,* 351 S.W.2d 659 (Tex.Civ. App.—Amarillo 1961, no writ).

The judgment of the trial court is affirmed.