ALLSTATE INSURANCE COMPANY,
Appellant,

v.

Helen CHANCE, Appellees.

No. 8242.

Court of Civil Appeals of Texas,
Beaumont.

May 3, 1979.

Rehearing Denied May 24, 1979.

Gordon R. Pate, Beaumont, for appellant.

George M. Jamail, Beaumont, for appellees.

CLAYTON, Justice.

Plaintiff below, Helen Chance, filed this suit against defendant, Allstate Insurance Company, upon a fire insurance policy seeking damages for the total loss of a dwelling and household goods located therein. Based upon favorable jury findings, judgment was entered for plaintiff in the sum of $20,000 for damages to the dwelling and $6,000 for damages to the household goods, from which judgment defendant appeals.

Defendant has brought forward twenty-four points of error. Defendant has presented only one "argument and authorities" for all twenty-four points. This "lumping together" one argument for twenty-four points of error is a flagrant violation of the provisions of *Tex.R.Civ.P. 418.* Nevertheless, in view of the clarity of the points presented, we will consider the same.

Defendant's first three points complain of error of the trial court in awarding the sum of $6,000 as damages for the loss of personal property upon grounds of no evidence, insufficient evidence, and against the great weight and preponderance of the evidence.

The jury found that the actual cash value of the personal property destroyed by the fire was $6,000.

The only evidence presented by plaintiff in an attempt to prove such cash value was a list, prepared by plaintiff and her daughter, setting forth the particular item, the approximate cost, "age" of item, and where the same was purchased. We agree with defendant that the mere approximate cost of an item of personal property—some of which was listed as having been purchased as long as eight years prior to the loss—is not proper or competent evidence to prove the actual cash value of such items at the time of the loss. Defendant strongly urges that the testimony of its witness properly determined the actual cash value of the personal property destroyed by the fire to be in the sum of $3,963.41. We agree with defendant and further agree with defendant's argument that there is no contradictory evidence of this point. This value of $3,963.41 was clearly proven by competent testimony. Based upon the uncontradicted testimony, the actual loss sustained by plaintiff for her personal property lost in the fire was $3,963.41, and the judgment entered for plaintiff in the sum of $6,000 is reformed so as to award her judgment in the amount of $3,963.41 for such damages.

Defendant's fourth point complains of the entry of judgment awarding plaintiff $20,000 for the total loss of the dwelling

"for the reason that the jury found . . that Helen Chance was not the sole owner of the premises." This point of error, under the one argument as to all twenty-four points, is merely restated, without any argument or citation of any authorities. Such a failure to brief and argue a point of error constitutes a waiver thereof, and such a point will not be considered on appeal. *Roper v. Jeoffroy Mfg., Inc.,* 535 S.W.2d 706 (Tex.Civ.App.—Amarillo 1976, writ ref'd n. r. e.); *Phagan v. State,* 510 S.W.2d 655, 659 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n. r. e.); *Frazier v. Wynn,* 492 S.W.2d 54 (Tex.Civ.App.—Amarillo 1973, writ ref'd n. r. e.).

Defendant's fifth through thirteenth points urge no evidence, insufficient evidence, and against the great weight and preponderance of the evidence as to the jury's findings in response to Special Issues Nos. 5, 6, and 7. The jury found that at the time plaintiff made application for the fire insurance policy, she "misrepresented to or concealed from the agent that she had not had any prior fire loss." In response to Issue No. 5 inquiring as follows: "Do you find . . . that such misrepresentation was willful?" The jury answered, "We do not." In response to Issue No. 6 inquiring, "Do you find . . . the misrepresentation was material?" The jury answered, "We do not." Issue No. 7 inquired, "Do you find . . . the defendant . . . relied upon her misrepresentation or concealment in issuing the policy," to which the jury answered, "We do not".

■ The defendant, having the burden of proof upon the above quoted issues, obtained a negative finding by the jury. Therefore, this court cannot consider the no evidence and insufficient points, but can consider only the point urged as being against the great weight and preponderance of the evidence. *Traylor v. Goulding,* 497 S.W.2d 944 (Tex.1973); *Parrish v. Hunt,* 160 Tex. 378, 331 S.W.2d 304 (Tex.1960).

At the time of making the application for the fire policy, plaintiff, upon being asked if she had any prior fire losses, stated that she had not. Plaintiff testified that she and her husband had a fire loss approximately ten years prior to this particular loss. She knew nothing about it except that they had a fire loss. She said she "didn't think it was necessary to bring up a thing way back that far." This application for a fire policy was the first she had ever made. She had never before recovered, for herself, any proceeds from a fire insurance policy for fire loss. Defendant's witness testified that the question in the application as to any prior fire, wind, hail, etc., meant any recovery for monetary loss for herself. Plaintiff denied ever receiving any funds for such monetary loss. After a careful review of all the testimony in the record before us, we find nothing to indicate that such a misrepresentation was willfully made.

In *Allen v. American National Insurance Co.,* 380 S.W.2d 604 (Tex.1964), quoting with approval *Clark v. National Life & Accident Insurance Company,* 145 Tex. 575, 200 S.W.2d 820 (1947), it is stated: " 'It is the [well] settled rule that, in order to avoid a policy, false statements must have been made willfully and with design to deceive or defraud.' " It is also a settled rule of law that to avoid a policy of insurance because of a misrepresentation, the burden is upon the insurance company to plead and prove, not only that the answers made by the insured were false, but that the insured knew they were false, and that he made them willfully and with the intention of inducing the insured to issue him a policy. *Empire Life & Hospital Insurance Co. v. Shannon,* 415 S.W.2d 532 (Tex.Civ.App.—Amarillo 1967, no writ); *Clark v. National Life & Accident Insurance Co.,* supra; *Golden State Mutual Life Insurance Co. v. White,* 374 S.W.2d 901 (Tex.Civ.App.—Dallas 1964, writ ref'd n. r. e.).

■ It was the burden of defendant to bring forward the evidence and to procure favorable findings to support its position on the question of willfulness. *Schwab v. Ranger Insurance Co.,* 438 S.W.2d 121 (Tex. Civ.App.—Beaumont 1969, no writ). This defendant failed to do. The jury's answer that it did not find such misrepresentation to be willful is not against the great weight and preponderance of the evidence.

The insurance policy issued to plaintiff by defendant specifically provides: "This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance, or the subject thereof, or the interest of the insured therein. . . ." Under this specific clause, any act of misrepresentation must be willful before such policy would be void. The misrepresentation not having been willful, as we have so held, then the issues as to same being material and being relied upon by defendant presents no valid defense. If such defense was presented, the negative answers given by the jury are not against the great weight and preponderance of the evidence. These points are overruled.

Defendant's points fourteen through twenty-two urge no evidence, insufficient evidence, and against the great weight and preponderance of the evidence of the jury's findings in response to Special Issues Nos. 10, 11, and 12. The jury found that plaintiff, in the application for the fire policy, "misrepresented or concealed from the Defendant the true status of the ownership of the insured premises." In response to the Issue No. 10, "Do you find . . . that such misrepresentation or concealment was willful?" The jury answered, "We do not." The jury further found the negative answer, "We do not" to the issues inquiring if such misrepresentation was material and if defendant actually relied upon same.

Plaintiff testified that in making the application for the policy of insurance, she stated to the agent that she was the sole owner of the premises. The record reflects, according to plaintiff's testimony, that several years prior to this fire loss, she and her husband had been divorced and the premises had been set aside for the use and benefit of plaintiff and her minor child until the child had reached the age of eighteen. The application shows on its face that plaintiff was the owner as distinguished from a renter. The mere statement that she ,was the sole owner does not in and of itself prove willfulness or that the statement was made for the purpose of inducing the insurance company to issue the policy. *Empire Life & Hospital Insurance Co. v. Shannon,* supra. The insurance company has not met its burden as required by the authorities cited in our disposition of defendant's points five through thirteen. After a careful review of all the evidence, we hold the jury's answer that it did not find the misrepresentation as to ownership to be willful is not against the great weight and preponderance of the evidence. Such misrepresentations not being willful, the other points as to materiality and reliance thereon are overruled for the same reasons stated as to defendant's points five through thirteen. Defendant's points fourteen through twenty-two are overruled.

Defendant's twenty-third and twenty-fourth points complain of the admission of testimony as to attorney fees incurred by plaintiff. After admitting testimony relating to attorney fees, the trial court refused to submit issues to the jury as to such an element of recovery. Defendant contends that such evidence relating to attorney fees prejudiced the jury and probably influenced the jury's finding which awarded plaintiff $6,000 for the loss of her personal property. In view of our disposition of the $6,000 award, assuming the admission of such testimony into the record was erroneous, such was harmless error. These points are overruled.

By cross-point plaintiff complains of error by the trial court in not submitting her "requested Special Issues concerning attorney fees." Plaintiff contends she was entitled to recover attorney fees pursuant to the provisions of *Tex.Ins. Code Ann. art. 3.62* (Vernon 1972). This court, in *Continental Mutual Fire Insurance Co. v. Walles,* 20 S.W.2d 405 (Tex.Civ.App. —Beaumont 1929, no writ), held that *Tex. Rev.Civ.Stat.Ann. art. 4736* (Vernon 1925) which is now *Tex.Ins.Code Ann. art. 3.62* (Vernon 1951), Insurance Code, does not apply to fire insurance companies and attorney fees could not be recovered upon a fire policy. The general rule of law in this state is that, unless provided for by statute or by

contract between the parties, attorney fees incurred by a party to litigation are not recoverable against his adversary in tort or by suit upon a contract. *Turner v. Turner,* 385 S.W.2d 230 (Tex.1964); *Heard v. City of Houston,* 529 S.W.2d 560 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). Plaintiff has not cited any authority, and we have found none that would authorize the recovery for attorney fees in a suit upon a fire insurance policy. This cross-point is overruled.

The judgment of the trial court allowing plaintiff recovery in the amount of $6,000 for loss of her personal property is reformed so as to allow her a recovery for $3,963.41, with interest thereon at nine percent (9%) per annum from the date of the original judgment; i. e., August 3, 1978. The remaining portion of the judgment is affirmed in all things.

AFFIRMED in part; REFORMED in part and, as so reformed, is AFFIRMED.