STATE of Texas, Appellant,

v.

George E. WILLEY et ux., Appellees.

No. 3916.

Court of Civil Appeals of Texas.

Waco.

Nov. 16, 1961.

Rehearing Denied Dec. 7, 1961.

Will Wilson, Atty. Gen., Jot Hodges, Jr., Asst. Atty. Gen., for appellant.

Hustmyre & Harris, Orange, for appellee.

WILSON, Justice.

In this jury condemnation action the State took 3.221 acres from appellees' 104 acre tract.

The State complains of the definition of "market value" given in the charge as the price which the property would bring when it is offered for sale by one who desires, but is not obliged to sell, and is bought by one who is under no necessity of buying it, "taking into consideration all of the uses to which it is reasonably adaptable and for which it either is or in all reasonable probability will become available within the reasonable future." The objection is that the quoted wording is proper only where zoning restrictions exist which will probably be lifted within a reasonable time, as suggested in City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W. 2d 808, 815.

There is no evidence in this case relating to zoning restrictions. The State says it was reversible error, therefore, to add the language complained of to the definition. In Cannizzo it was said that under the hypothesis presented, no violence would be done to the "market value" definition in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 979, 980 by adding the quoted words. Appellant's deduction therefrom is that in the absence of the evidence hypothesized, the addition requires reversal. It relies on Frost v. State, Tex.Civ.App., 284 S.W.2d 232; Eubank v. State, Tex.Civ.App., 330 S.W. 2d 510, writ ref. n. r. e.; South v. Texas Eastern Transmission Corp., Tex.Civ. App., 332 S.W.2d 442 and Continental Dev. Corp. v. State, Tex.Civ.App., 337 S.W.2d 371. These cases do not imply that giving the instruction complained of was error; they merely hold that it is not error, absent evidence as to zoning restrictions, to refuse the requested Cannizzo definition.

In our case, appellant states witnesses for appellant and appellees "were in agreement that the highest and best use of

the subject property was for subdivision into residential homesites, with some commercial sites." The record thereby makes it more nearly analogous to State v. Albright, Tex.Civ.App., 337 S.W.2d 509, 511, writ ref. n. r. e., where appellant's present contention was rejected. We hold the giving of the instruction was not reversible error. We point out, however, that the Supreme Court stated in the Cannizzo case, 153 Tex. 324, 267 S.W.2d 808, 814, that the standard Carpenter definition "would permit consideration of all uses to which the property was reasonably adaptable and for which it was, or in reasonable probability would become, available within a reasonable time." The language here complained of encompasses no more, therefore, than is held to be included in the Carpenter instruction, and in the interests of simplicity and safe practice might well be omitted.

Appellant presents other points relating to admission of evidence. We have fully considered them and they do not reflect reversible error. We think the evidence supports the verdict, which it is said is excessive. Appellant's points are overruled and the judgment is Affirmed.