**The STATE of Texas, Petitioner,**

v.

**George E. WILLEY and Wife, Nellie Willey, Respondents.**

No. A–8804.

Supreme Court of Texas.

Oct. 3, 1962.

Will Wilson, Atty. Gen., Austin, Morgan Nesbitt, Edward A. Cazares, L. P. Lollar, H. Grady Chandler, Joseph Rollins and Jot

Hodges, Jr., Asst. Attys. Gen., for petitioner.

Hustmyre & Harris, Malcom E. Dorman, Orange, for respondents.

HAMILTON, Justice.

This is a condemnation suit by the State of Texas involving 3.221 acres of land out of a 104-acre tract belonging to George E. Willey and wife. The jury found the value of the condemned land to be $14,160.00. The value of the remainder of the land before and after the taking was found to be the same.

From the judgment on the verdict in favor of the Willeys the State appealed to the Court of Civil Appeals, complaining of the charge of the court and of the admission of certain testimony. The Court of Civil Appeals affirmed the judgment of the trial court, writing only on the point complaining of the charge. 351 S.W.2d 904. The points relating to the admission of testimony were overruled with the comment that they did not reflect error.

The State, petitioner here, brings to us no point relating to the charge of the court, but does complain of the admission, over objection, of testimony as to lot sales in subdivided areas as being comparable to the 3.221 acres condemned. We hold the admission of such testimony was reversible error.

It is undisputed that the 104-acre tract out of which the 3.221 acres were taken was adaptable to subdivision for residential and commercial purposes. However, at the time of the taking, January, 1958, there had been no subdivision or development of the 104-acre tract in question. The record reflects that the only sales of land in the vicinity of the condemned acreage were sales that were made by respondents. There was evidence of two sales of undeveloped acreage and of a number of sales of lots in subdivided areas. The highest price for which any undeveloped acreage was sold was $2,165.00 per acre. The highest price,

per acre, for which any of the subdivided lots sold was $4,000.00. Petitioner objected to the admission in evidence of testimony as to the sale price of any lots in subdivided areas on the ground that they were not comparable in value to the condemned acreage taken out of the undeveloped 104-acre tract.

■ It has long been held in this state that even though a tract of land is adaptable to subdivision for commercial and residential lots one seeking to prove the value of such a tract of land may not show what the price of the lots would be if subdivided, or show the price for which already subdivided lots were selling. City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808; Minyard v. Texas Power & Light Co., Tex. Civ.App., 271 S.W.2d 957, error ref., n.r.e.; Dickey's Estate et al. v. Houston Independent School District, Tex.Civ.App., 300 S.W. 250, error dism.; Wichita Falls, R. & F. W. Ry. Co. v. Cooper, Tex.Civ.App., 235 S.W. 927, no writ history; Denison P. & S. Ry. Co. v. Scholz, Tex.Civ.App., 44 S.W. 560; Silliman v. Gano, 90 Tex. 637, 39 S.W. 559, 40 S.W. 391.

■ The admission of the testimony as to the sale price of lots in the subdivided areas undoubtedly prejudiced the State's case. On the question of value, in addition to the testimony of respondent Willey, there were two other witnesses who qualified as real estate evaluation experts. Willard Hall, who testified for the State, said that in his opinion the condemned acreage had a value of $7,086.00, or $2,200.00 per acre. Jess Davis, who testified for respondents, said that in his opinion the value of the condemned acreage was $14,160.00— slightly less than $4,400.00 per acre. On cross examination Willard Hall refused to accept the proposition that sale prices of the lots in the subdivisions were comparable to the value of the condemned acreage. Consequently, the effect of his testimony was completely destroyed by the court admitting in evidence the sale prices of the lots as being comparable. This left the testimony of

respondent's witness Davis unchallenged. It is no wonder that the jury found the value of the condemned land to be exactly, to the dollar, what Davis said it was, $14,-160.00.

The judgments of the trial court and Court of Civil Appeals are reversed, and the cause remanded to the trial court.