**Vernell S. FORD et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 7848.**

Court of Civil Appeals of Texas.

Amarillo.

Aug. 12, 1968.

Lumpkin, Watson & Smith, Don H. Reavis, Amarillo, for appellants.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., A. J. Carubbi, Jr., Executive Asst. Atty. Gen., Watson C. Arnold and Ronald S. Driver, Asst. Attys. Gen., Austin, for appellee.

DENTON, Chief Justice.

This is a condemnation proceeding brought by the State of Texas, to acquire 13,549.20 square feet of land owned by Vernell S. Ford and husband A. F. (Pete) Ford, defendants. The special commissioners appointed by the court awarded $5,350.00. The landowners appealed and the jury fixed the value of the condemned land at $4,-000.00. The defendants having withdrawn the $5,350.00, as authorized by statute, judgment was entered in favor of the State against the defendants for $1,350.00. The defendants have perfected this appeal. The parties agree all issues have been eliminated from the case except the question of the value of the property taken.

Appellants were the owners of Lots 5, 6, 7 and a part of Lot 4 Block 32, in the town of Bushland, a distance of approximately 8½ miles west of the Amarillo city limits. The tract extended 140 feet along and fronted U.S. Highway 66 and was approximately 95 feet deep. The whole tract was taken to extend the right-of-way for construction of Interstate Highway 40, a redesignation of U.S. Highway 66. The condemned tract is located on a corner at the intersection of a paved street and the highway and was being used as a service station at the time it was taken. Only the value of the land is in question here. The improvements were built and owned by a lessee and their value is not involved here.

There are no points of error directly attacking the insufficiency of the amount of the award. Appellants asserted two points of error to the effect the trial court erred in excluding evidence of a sale offered by appellants and admitting evidence of a sale offered by the appellee as being comparable to the land condemned. The qualifications of the expert witnesses offered by both parties are not challenged. The question before us is the admissibility of the testimony of the expert witnesses as to comparable sales when the similarity between the sales is questioned.

The trial court excluded testimony of appellants' expert witness regarding the sale of property located at 27th and Houston Streets in the City of Amarillo. This property was also used as a service station, and was approximately the same size as the condemned land. According to the appellant's expert witness, the quantity of gasoline sold by the two stations were approximately the same and the rental on appellants' land was $100.00 per month and $125.00 per month on the excluded tract. It was these similarities that the witness based his testimony on that the sales were comparable. The witness described his appraisal approach as "income approach".

■ On the other hand, the condemned property was in the town of Bushland, a small town 8½ miles from the Amarillo city limits, and some 15 miles from the property involved in the alleged comparable sale. Although both expert witnesses agreed the highest and best use of the condemned tract was as a service station tract, the two tracts were not in the same economic use area. The condemned tract was in an outlying area from the city of Amarillo with highway frontage, while the excluded tract was in the near center of the city of Amarillo and fronted on a city street. The expert witness agreed the latter property was in a deteriorating area of the city. The trial court has a great deal of discretion in determining whether sales used in evidence are comparable to the condemned land and as

to the admissibility of the testimony relating to the market value of the property. Crouch v. State of Texas (Tex.Civ.App.) 413 S.W.2d 141; Holcombe v. City of Houston (Tex.Civ.App.) 351 S.W.2d 69; Bruner v. State of Texas (Tex.Civ.App.) 391 S.W.2d 149 (Ref. N.R.E.).

■■ The question of the degree of similarity, the size, distance and use factors in comparable sales in condemnation cases cannot be determined by inflexible, hard and fast general rules. This necessarily requires the use of discretion by the trial court. City of Houston v. Pillot (Tex.Civ. App.) 73 S.W.2d 585 (Ref. on other grounds) 105 S.W.2d 870. Each case must be judged by its own facts. With the location, distance between the two tracts, vastly different economic areas and potential use, we cannot say the trial court abused its discretion in refusing to permit appellant to introduce evidence of the sales price of the 27th and Houston Street property in the city of Amarillo.

■ The trial court permitted the state's expert witness, over appellants' objection, to testify to several sales of property in the town of Bushland, which the witness described as comparable sales. The admission of such testimony regarding the sale of Block 23 of the town of Bushland is challenged by appellants. The same tests of similarities and discretion of the trial court, previously stated, are applicable in deciding this question as were applied to appellants' other point of error. The comparable sale admitted into evidence concerning Block 23, consisted of fourteen lots. It was directly across the street to the east from the condemned property owned by appellant, and was fronted on the highway. Its highest and best use was for commercial usage. A cinder block cafe building and a frame house were located on two of the lots, but the expert witness excluded the value of these improvements in testifying to the sale of the whole block. Appellants contend this sale was not admissible for the reason the sale was "wholesale" and that two of the

lots had improvements upon them. We do not think these factors are material. The state's expert witness placed a value on the lots in an unimproved condition. We cannot say the trial court abused its discretion in permitting the state's expert witness to testify to the sale of Block 32 of the town of Bushland as a comparable sale.

The judgment of the trial court is affirmed.