Ray HODGES et ux., Appellants,

v.

The STATE of Texas, Appellee.

No. 7917.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 28, 1969.

Rehearing Denied Feb. 18, 1969.

J. Harris Morgan, Greenville, Robert G. Scofield, Lewisville, for appellants.

Robert D. McGee, Asst. Atty. Gen., Austin, for appellee.

CHADICK, Chief Justice.

The State of Texas instituted this eminent domain action against Ray Hodges and his wife, Mozelle Hodges, in County Court Number One, Dallas County, to take as of April 6, 1964, a 10.835 acre strip out of a 40 acre tract of land in Dallas County, to be used as Interstate Loop 635 right-of-way. This appeal is from a trial court judgment unsatisfactory to the Hodges. The judgment is affirmed.

The 40 acre Hodges tract was adjacent to an existing cemetery controlled and operated by the Bennett Cemetery Lot Owners Association, but the 10.835 acre strip does not have a common border with the cemetery. Evidence was tendered that

Liberty Development Company conveyed four small tracts of land to the Cemetery Association, the first conveyance was in 1957, the second 1960, the third 1962, and the fourth 1963. In size, the first was a 2 acre tract, the second 3 acres, the third 3.44 acres, and the fourth .466 acres. The terrain and physical characteristics of the four smaller tracts and the 10.835 acre strip were similar and all are in the same vicinity. Testimony was proffered that the conveyance of the four small tracts was the result of free and open sales transactions between a willing buyer and a willing seller of land in the immediate locality of the 10.835 acre tract.

It is shown by bill of exception that the Hodges tendered two value witnesses to establish the fair market value of the 10.835 acres taken and the damage to the remainder of the 40 acre tract. These two witnesses based their value opinions squarely upon the value reflected by the sale prices agreed upon in the sale of the four small tracts. The trial judge excluded such value testimony from the jury, and that action is the subject of the appellants' second point of error.

■■■ The Bennett Cemetery Lot Owners Association is a perpetual care cemetery governed by Tex.Rev.Civ.Stat.Ann. art. 912a–1 et seq. Perpetual care cemeteries are by art. 912a–9 authorized to exercise the power of eminent domain in the acquisition of land required for cemetery use. In a very recent case, Gomez Leon v. State, 426 S.W.2d 562 (Tex.1968), the principal is restated that proof of a sale or sales of property to an entity vested with the power of eminent domain is not admissible to show value of comparable land taken in a condemnation suit; nor is such proof admissible to show the basis of an expert's opinion of value of comparable land. Exclusion of the value testimony of the two witnesses was proper.

■■■ Appellants argue that after judgment rescinding its dedication to cemetery purposes, the .446 acre tract was purchased for a sales office site and not for burial or cemetery purposes. Conceding the validity of this doubtful legal proposition for the moment, nevertheless the trial judge's action was proper for other reasons. Neither witness testified or offered to testify to a value based solely upon this .446 acre sale transaction. Each witness made it clear that his opinion was derived from a consideration of the sale price in the four transactions, not this one. The proffered value testimony was broad based and relied heavily for verisimilitude upon the sales prices of the other three small tracts. Then also, when the value of a tract adaptable to subdivision, such as that dealt with here, is in question, the value of lots when the tract is subdivided, or the price at which previously subdivided lots are selling, is not admissible in determining the value of the large tract. State v. Willey, 360 S.W. 2d 524 (Tex.1962).

A discussion of appellants' point of error Number One has not been undertaken. If it should be held that the trial court erred in the ruling made the subject of the point, the error would be harmless under this record. No reversible error being shown by the appellants, the trial court's judgment is affirmed, the appellants' motion for rehearing is overruled, and this opinion on motion for rehearing is substituted for the original herein dated December 17, 1968.