**CITY OF GARLAND, Texas, Appellant,**

v.

**Charles Marita JOYCE, Appellee.**

No. 4962.

Court of Civil Appeals of Texas, Waco.

Dec. 31, 1970.

Rehearing Denied Jan. 21, 1971.

Saner, Jack, Sallinger, Nichols, H. Louis Nichols, Dallas, for appellant.

Bill Jones, Dallas, for appellee.

## OPINION

WILSON, Justice.

The principal questions in this jury condemnation case relate to exclusion and admission of evidence. In our opinion condemnor-appellant's points concerning these matters must be sustained, and we reverse.

The City condemned a 1.23 acre tract out of 14 acres and a 3.84 acre tract out of 6.5 acres. The land is vacant and unimproved, and is transversed by a railroad and a creek. Part of it lies within the bed of the creek. The portion condemned is not served by an existing street. It is zoned for single family residences. No damage is claimed to the remainder.

The jury found the value of the larger tract to be $40,144.80, being 24¢ per square foot; and the value of the smaller tract was fixed at $53,579, a total of $93,723.80. These were the exact amounts testified to as being his opinion of values by appellee's sole appraisal witness, Riddell, whose testimony is the subject of complaint. Appellant's opinion testimony set a value of $20,000, 8¢ to 10¢ per square foot, on the tracts condemned.

Riddell testified to apartment and commercial developments along Miller Road, which intersects Garland Road, and development along Garland Road on which the 14-acre tract fronts. He testified over objection that in his opinion the subject property "could be" re-zoned for apartments and "should be developed with a multi-story office building" and shopping village.

The witness then stated his opinion of the values of the entire tracts out of which the condemned tracts were taken, one at $65,037 and the other at $639,635, on a basis of 24¢ and $1.00 per square foot respectively. He then applied the same rate per square foot to the tracts taken to arrive at his opinion of their values as severed land. The tract taken out of the 14 acres was at the rear of that acreage, which fronted on Garland Road, and was partly in the bed of a creek. The witness value the severed tract at the rear on the same basis as that fronting on Garland Road, merely assigning to it its proportion of the entire value. He testified he treated the tracts taken as apartment and commercial property.

Having thus been permitted to testify that the property, in his opinion, "could be" re-zoned; having ascribed to both severed tracts the attributes of apartment and commercial properties; and having applied the same unit of value to the severed tracts as that of his evaluation of the entire tract, the witness was permitted to testify he arrived at his opinion of value by examining sales of fourteen "comparable" or "similar" tracts, using the market data approach.

These 14 sales, of which he testified, occurred from 1961 to 1969. Six of them were of corner tracts at the intersection of paved streets in the developed areas of the City of Garland. All of them were located on paved streets in the city. Each of them was of property zoned for commercial or apartment purposes, in areas so developed and used. The size of the tracts ranged from 1.38 acres to 35 acres. Having testified to the total consideration for these sales, he gave the prices per square foot: 69¢, $1.65, 72¢, $1.56, 51¢, 35¢, $2.10, 20¢, 23¢, 35¢, 40¢, $1.53, 40¢, $1.00. No proper-

ty on Garland Road (zoned apartment or commercial) sold for less than a $1.00 rate, he testified. He testified in each transaction that in order to make these sales comparable he made an "adjustment". The "adjustment" consisted in his "adjusting" the sale price per square foot of the .14 sales downward to his opinion of the market value of the tracts condemned.

Appellant objected to testimony concerning each of these sales on the ground the property was not zoned as was the subject property, was not of the same classification, was not comparable, and there was no showing of reasonable probability the subject property would be re-zoned.

In our opinion the testimony concerning these sales should have been excluded.

Appellee urges that the two larger tracts from which the land taken is severed were in developed areas; that the 14 acres fronted on Garland Road, the main north-south street in the city, nearly all of which was commercial property; and that it was 1000 feet north of another road which was the principal east-west road, also used for commercial purposes for several blocks from the intersection. It is urged that the 6.5 acres is 500 feet east of Garland Road and 800 feet north of the other road. The severed tracts, however, are far from either road.

Both parties point for support to language in City of Austin v. Cannizzo (1954) 153 Tex. 324, 267 S.W.2d 808. That decision does not apply to the present problem. There the evidence referred to related to value of the tract taken, and it was held that if it appeared reasonably probable that zoning restrictions would be lifted, uses to which the property would then be reasonably adaptable could be considered in determining its value.

Our decision does not turn on the fact, insisted upon by appellant, that the 14 sales complained of were of property zoned differently from that of appellee. Our opinion is based on the fact that the sales complained of were simply not sales of comparable property. We are mindful of the extent of the discretion vested in the trial judge in passing on admissibility of sales said to be comparable, and of the rule that such properties need not be identical to the tract in suit. To permit a witness, however, to relate to the jury sales of tracts obviously not similar, and then "adjust" these sales and the prices paid to the opinion of the witness so as to call them "comparable" is to set up an unlimited artificial standard by which almost any conceivable sale could be "adjusted" so as to be made available in support of opinion as to value. See State v. Willey (Tex.Sup.1962) 360 S.W.2d 524; City of Austin v. Cannizzo, above, syl. 11; State v. Walker (Tex.Sup. 1969) 441 S.W.2d 168, syl. 10. Here the witness did not use the sales to arrive at an opinion of value; he used his opinion of value of the severed tracts to "adjust" the prices paid on the sale in an attempt to make the sales "comparable."

Evidence concerning the sales in apartment and commercial areas having been admitted, the objection of appellee to testimony offered by appellant concerning a sale of property immediately abutting the subject land was sustained. This evidence, in our opinion, was improperly excluded.

The sale of which appellant offered proof was a 1968 sale of 17.32 acres adjacent to appellee's land. Appellee was permitted to take the appraisal witness (who testified he considered the sale in making his evaluation) on extended voir dire examination. The witness testified he was informed it was a "free and open sale". Appellee's counsel frequently asked him if the grantor "had gone bankrupt", if the transaction was a "distress sale, a forced sale" and a "hardship" sale; and asked if the grantor "went broke" or "was on the verge of bankruptcy". But no testimony to this effect was elicited from the witness, although appellee's witness had testified it was a "distress sale". When appellant then proffered evidence of the comparabil-

ity and the sale price, appellee's counsel stated, "I'm going to object to any further testimony concerning this sale." The court sustained this objection.

The bill of exception reflects the excluded testimony was that the transaction was a free and voluntary sale; was of property immediately east of and comparable to that in question; and that the 17.32 acres sold for $4,000 per acre, or 9¢ per square foot.

■ In view of the fact that the jury precisely adopted the testimony of appellee's witness based on the fourteen transactions admitted in evidence, it cannot be said that these errors as to admission and exclusion of evidence were harmless.

■ The points complaining of appellee's jury argument to the effect that the tract taken should be valued as part of the land fronting on Garland Road, rather than as a severed tract not fronting on Garland Road are overruled. Appellant permitted evidence to this effect to be admitted without objection, and elicited similar opinion evidence on cross-examination. The argument, consequently, is not reversible error. It is not necessary to pass on other points.

Reversed and remanded.