Joe SIMPKINS et al., Appellants,

v.

CITY OF DALLAS, Appellee.

No. 5583.

Court of Civil Appeals of Texas, Waco.

Oct. 7, 1976.

Rehearing Denied Nov. 4, 1976.

H. Louis Nichols, Saner, Jack, Sallinger & Nichols, Dallas, for appellants.

N. Alex Bickley, Carroll R. Graham, and Mary Leigh Bartlett, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Simpkins, et al., property owners, from judgment of the trial court in a condemnation case.

City of Dallas brought this condemnation action to acquire 1948.6 acres of land owned by Simpkins, et al., situated in the flood plain of the Trinity River in the City of Dallas, for a sanitary fill site. The landowners appealed from the Commissioners' award, and the case was tried to a jury. The jury fixed the value of the land condemned at $2,046,030. ($1050. per acre) as of September 10, 1974, and the trial court rendered judgment accordingly. Damages to the remainder was not involved.

The property owners appeal on 9 points:

Points 1 thru 6 complain of the trial courts sustaining objections to comparable sales offered by defendant's witness Addison, in support of his opinion testimony as to the value of the property being condemned.

Points 7, 8 and 9 complain the verdict and judgment are contrary to the great weight and preponderance of the evidence; and award inadequate damages.

The 1948.6 acres condemned is located in the southeast portion of Dallas County, east of South Central Expressway and south of Loop 12. The entire tract is located in the flood plain of the Trinity River, and before the property can be developed it will have to be protected from flooding. This can only be done by construction of a levee around all sides of the property at a cost of approximately $4,354,000. This would only protect some 735 acres of the property taking into account area lost to sumps, the levee, and land outside the levee. The cost of this is $4500. per acre enclosed by the levee.

The evidence as to the highest and best use of the 1948.6 acres was disputed. Six witnesses for the landowners testified the highest and best use of the property which could be leveed was for industrial development; while four witnesses for the City testified the highest and best use of the property was for agricultural or recreational uses.

The three expert value expert witnesses for the landowners testified the value of the land taken as follows: Cook: $3,500. per acre ($6,820,100. total); Addison: $2,850. per acre ($5,553,500. total); Sherman: $3,000. per acre ($5,845,800. total).

The City's three expert witnesses testified the market value of the land to be $1000. per acre ($1,948,600. total).

The jury awarded $1050. per acre ($2,046,030. total).

Appellants' 1st point asserts the trial court erred in sustaining objection to the *Burtis to Development Investors* sale of November 6, 1973 offered by the witness Addison in support of his opinion testimony the property taken to be worth $2,850. per acre. This sale consisted of 226.593 acres, for $3,300. per acre.

There was evidence the sale had fallen through and the tract had been reconveyed to the seller; and further the tract was located in the City of Grand Prairie approx-

imately 14 miles from the land being condemned.

Objection to the evidence was on the ground of remoteness in distance from the condemned property, and the fact the sale had fallen through.

Appellants' 2nd point asserts the trial court erred in sustaining objection to the *Isaminger to Riverlake Properties* sale of May 1972, offered by the witness Addison in support of his opinion testimony. This sale consisted of 261.53 acres located ½ mile from the land being condemned, and was for $2,500. per acre.

The property was improved and had buildings on it.

Objection to this evidence was on the ground the property was improved property.

Appellants' 3rd point asserts the trial court erred in sustaining objection to the *Percy to Farina* sale of November 1973, offered by Addison in support of his opinion testimony. This sale consisted of 291.42 acres for $10,000. per acre.

There was evidence the property was 17 to 18 miles from the condemned property, and that the tract was split by new Interstate Highway 635.

Objection to this evidence was on the ground the property was too remote in distance from the condemned property, and was not comparable since it was split by IH 635.

Appellants' 4th point asserts the trial court erred in sustaining objection to the *Miller to Farina* sale of May 1972, offered by the witness Addison in support of his opinion testimony. This sale consisted of 148.42 acres, for $10,000. per acre.

There was testimony that a part of the property was not in the flood plain, and the witness Addison said it was necessary for him to make "adjustments"; and the property is located 16, 17, or 18 miles from the property condemned.

Objection to the evidence was on the ground the property was too remote in distance from the condemned property.

Appellants' 5th point asserts the trial court erred in sustaining objection to the *General Mills to Jorde and Ellis* sale of March 1971, offered by the witness Addison in support of his opinion testimony. This sale consisted of 361.2 acres, for $2,341.22 per acre.

There was testimony that it was 17 to 18 miles from the property condemned.

Objection to the evidence was on the ground the property was too remote in distance from the condemned property.

Appellants' 6th point reasserts the trial court erred in sustaining objections to the foregoing five sales.

The trial court did not err in sustaining objection to the *Burtis to Development Investors* sale, because such sale had fallen through (Point 1); and did not err in sustaining objection to the *Isaminger to Riverlake Properties* sale because the property involved was improved property with buildings on it; (Point 2).

The *Burtis to Development Investors* sale (Point 1), the *Percy to Farina* sale (Point 3), the *Miller to Farina* sale (Point 4), and the *General Mills to Jorde and Ellis* sale (Point 5), were located 14 miles, 18 miles, 16/18 miles and 17/18 miles from the condemned property; and the *Miller to Farina* sale (Point 4) was partially not in the flood plain, which required an "adjustment" to be made by the witness.

The question of the degree of similarity, the size, the distance and use factors in comparable sales in condemnation cases cannot be determined by any inflexible, hard and fast general rules, and must rest in the discretion of the trial judge. *Thompson v. State*, CCA, NWH, 319 S.W.2d 368; *Ford v. State*, CCA, NWH, 432 S.W.2d 720; *Urban Renewal Agency of the City of Austin v. Georgetown Savings & Loan Assn.* CCA, NRE, 509 S.W.2d 419.

Each case must be judged on its own facts, and from the record before us we cannot say the trial court abused its discretion.

And the *Miller to Farina* sale (Point 4), was admittedly not a sale of comparable

property, and extensive "adjustment" was done by the witness Addison to make it fit into his opinion of value. *City of Garland v. Joyce*, CCA, NRE, 462 S.W.2d 86.

Further if the trial court could be said to have erred in excluding any of the sales, such error was harmless under Rule 434 TRCP. The trial court admitted all sales testified to by appellants' witnesses Cook and Sherman, and admitted 6 of the witness Addison's sales including the *City of University Park to Griffin* sale which was for $13,451. per acre and is closer to the condemned property than the two *Farina* sales which were excluded.

Appellants' 7th, 8th and 9th points complain the judgment against the great weight and preponderance of the evidence, and that it was inadequate.

■ The verdict is higher than the value testified to by any of the City's witnesses, (and lower than testified to by any of appellants' witnesses). The $1050. per acre for the 1948.6 acres totalling $2,046,030. when only some 735 were usable, and these only after $4,354,000. should be spent for a levee, is not against the great weight and preponderance of the evidence or inadequate.

■■ Moreover, this case is before us on a partial statement of facts. The record reflects that some 23 exhibits were admitted into evidence which have not been brought forward by appellants. In the absence of a complete statement of facts (which is appellants' burden and duty to bring forward), it must be presumed on appeal that the evidence supports the verdict and judgment of the trial court. *Baker v. Rutherford* Waco, Tex.Civ.App., NRE, 293 S.W.2d 669; *Englander v. Kennedy*, Tex., 428 S.W.2d 806; *Levitz Furniture Co. v. State of Texas*, Waco, Tex.Civ.App., NRE, 471 S.W.2d 452.

All appellants' points are overruled.

AFFIRMED.