Tommy Altaras, Cleburne, for appellant.

Robert M. Mahanay, Mahanay & Higgins, Cleburne, for appellees.

The FIRST NATIONAL BANK OF GLEN ROSE, Appellant,

v.

Reeves Alan JOHNSON et ux., et al., Appellees.

No. 6251.

Court of Civil Appeals of Texas, Waco.

Nov. 26, 1980.

Rehearing Denied Dec. 18, 1980.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Intervenor Bank from judgment of the trial court decreeing foreclosure of lien and title to 50 acres of land to appellees Johnson. Such judgment expressly provided "Said foreclosure and title and possession is subject to existing prior liens held by First National Bank in Glen Rose * * *".

Plaintiffs McAlpin and Bogle filed this suit against appellees Johnson alleging plaintiffs had purchased the 50 acres here involved, and on which was a mobile home park, from the Johnsons for some cash and

an installment note; that the Johnsons had made warranties concerning the sewer and water systems which were false; that they had paid out money to correct the deficiencies and sought credit on installment payments due for such sums.

Appellees Johnson answered that the note was in default, accelerated same, and sought foreclosure of appellees' third lien against plaintiffs.

Appellant Bank intervened alleging it had security interest in some of the mobile homes on the property; that it had a first lien on the 50 acres; that such indebtedness was in default; and prayed for foreclosure of its liens.

The trial court at a preliminary hearing appointed a Receiver to receive rents from the property and pay bills.

Trial was before the court which rendered judgment that appellees Johnson have foreclosure of their third lien against plaintiffs; then expressly decreed "Said foreclosure and title and possession is subject to existing prior liens held by First National Bank in Glen Rose * * *"; and further ordered and decreed the Receiver pay off recited debts including money owed to the First National Bank in Glen Rose on the real estate lien note.

Appellant First National Bank appeals on 3 points contending 1) "there was insufficient evidence to support the judgment"; 2) "there was no evidence to support the verdict"; and 3) the trial court erred in not filing Findings of Fact and Conclusions of Law.

The case is before us on a partial statement of facts. The record reflects that 28 exhibits were admitted into evidence (including instruments allegedly evidencing appellant's lien) which have not been brought forward by appellant. In the absence of a complete statement of facts (which is appellant's burden and duty to bring forward), it must be presumed on appeal that the evidence supports the verdict and judgment of the trial court. *Baker v. Rutherford*, Tex.Civ.App. (Waco) NRE, 293 S.W.2d 669; *Englander, Co. Inc. v. Kennedy*, Tex., 428 S.W.2d 806; *Levitz Furniture Co. v. State of Texas*, Tex.Civ.App. (Waco) NRE, 471 S.W.2d 452; *Simpkins v. City of Dallas*, Tex.Civ.App. (Waco) NWH, 542 S.W.2d 701.

Since appellant did not comply with the requirements of Rule 297 TRCP, it cannot complain of the trial court's failure to file Findings and Conclusions.

Finally the trial court's judgment preserved appellant's first lien on the property, and additionally ordered the Receiver to pay appellant sums due on its real estate lien note from funds held by him.

All appellant's points are overruled.

AFFIRMED.