Jerry HOUCHIN, Appellant,

v.

C. J. GODELL, D. O., P. A., Appellee.

No. 18637.

Court of Appeals of Texas, Fort Worth.

March 11, 1982.

B. Bryan Leitch, III, Dallas, for appellant.

McDonald, Sanders, Ginsburg, Phiullips, Maddox & Newkirk and Greg S. Hargrove, Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

SPURLOCK, Justice.

C. J. Godell, D. O., P. A. (hereinafter Professional Association), brought suit against Jerry Houchin, a doctor of osteopathic medicine and former employee of the Professional Association, for conversion of various insurance benefit checks and patient payment checks belonging to the Professional Association which represented payment for services to patients rendered by Dr. Houchin while employed by it. After trial to the court, judgment was rendered against Dr. Houchin in the amount of $16,026.48, which amount included both actual and exemplary damages. Dr. Houchin appeals.

We affirm.

Dr. C. J. Godell was an employee and sole shareholder of the Professional Association from 1976 until time of trial. Prior to October 1, 1978, Dr. Godell began looking for an associate or partner because his workload was getting too heavy. Dr. Godell was introduced to Dr. Houchin who was interested in practicing in the local area. After several meetings, Dr. Houchin was hired by the Professional Association and began his employment on October 1, 1978 which continued until June 1, 1979.

Dr. Houchin was a "salaried" employee of the Professional Association. He initially received a fixed salary of $4,000.00 per month which was later increased to $5,000.00 per month. His paychecks were drawn on the Professional Association account with the notation "salary" on the bottom of them. Federal income taxes and FICA taxes were withheld as prescribed by law.

During the period that Dr. Houchin was employed by the Professional Association, all fees from services to patients rendered by Dr. Houchin were deposited into the Professional Association account.

Dr. Godell testified: (1) Dr. Houchin was told that all of the income produced as a result of his medical services belonged to the Professional Association, (2) Dr. Houchin was not liable for any of the debts of the Professional Association, (3) Dr. Houchin did not share profits and losses, (4) Dr. Houchin did not have authority to hire and fire, (5) Dr. Houchin did not have authority to withdraw money from the Professional Association accounts, (6) Dr. Houchin did not have authority to enter into agreements with third parties that would be binding on Dr. Godell or the Professional Association. Dr. Godell further testified that there was neither a written partnership agreement nor an agreement as to the terms of any future partnership.

In the early spring of 1979, Dr. Houchin became dissatisfied with the association and informed Dr. Godell, but remained in practice with him until June 1, 1979, at which time he moved his practice out of Dr. Godell's office. When Dr. Houchin left he had all of his mail, including all checks made payable to him, forwarded to his new address. When Dr. Godell realized that Dr. Houchin's insurance checks and correspondence were no longer coming to the Professional Association, he contacted the Post Office and discovered that Dr. Houchin had filed a change of address so that his mail would be forwarded. Dr. Godell contacted Dr. Houchin and demanded that the insurance checks being forwarded to him be sent back to the Professional Association office for processing. Dr. Houchin refused and Dr. Godell instituted this suit.

Findings of fact and conclusions of law were filed by the trial court and are unchallenged on appeal.

Dr. Houchin appeals on nine points of error, the first eight being evidentiary points. In these points, Dr. Houchin basically complains that there was no evidence or insufficient evidence to support (1) a judgment for conversion, (2) the award of actual damages, and (3) the award of exemplary damages.

This case is before this Court on a partial statement of facts. Dr. Houchin was late in making his request of the court reporter to prepare the remaining parts of what would have been a complete statement of facts, and, consequently, was unable to

timely file those parts with this Court. Dr. Houchin filed a motion with this Court to extend time for filing the remaining portions of the statement of facts which was denied. Before us on appeal is one volume of a three-volume statement of facts, and said one volume contains only the direct testimony of Dr. Godell.

■ In the absence of a complete statement of facts, it must be presumed on appeal that the evidence supports the verdict and judgment. *First National Bank of Glen Rose v. Johnson*, 608 S.W.2d 834 (Tex. Civ.App.—Waco 1980, no writ); *Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.1968).

■ Dr. Houchin's first eight points are overruled.

■ In his ninth point, Dr. Houchin contends that the pleadings will not support the judgment. This point is too general and vague to meet the requirements of the briefing rules. *Golden State Mutual Life Insurance Co. v. White*, 374 S.W.2d 901 (Tex.Civ.App.—Dallas 1964, writ ref'd n. r. e.). Even so, we have examined the pleadings and are of the opinion that they are amply sufficient. In its pleadings, the Professional Association alleged that Dr. Houchin was its employee for a specified period of time, and that the Professional Association was entitled to all payments received for services rendered by Dr. Houchin during the period of his employment. Plaintiff further alleged that upon terminating his employment, Dr. Houchin converted certain checks representing payment for services he had rendered during his employment. The pleadings establish a cause of action for conversion. If Dr. Houchin desired more specificity in the pleadings, he should have specially excepted pursuant to Tex.R.Civ.P. 91.

Dr. Houchin's ninth point is overruled.

Judgment is affirmed.