**The STATE of Texas By and Through the State DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Relator,**

v.

**Bascom W. BENTLEY, III, Judge, County Court at Law, Anderson County, Texas, et al., Respondents.**

No. 12–88–00071–CV.

Court of Appeals of Texas, Tyler.

April 26, 1988.

Randall M. Ward, Asst. Atty. Gen., Austin, for relator.

Jerry Calhoon, Bascom W. Bentley, Palestine, for respondents.

### ORIGINAL PROCEEDING WRIT OF MANDAMUS

COLLEY, Justice.

On March 23, 1988, we granted Relator's motion for leave to file a petition for writ of mandamus, set a hearing thereon and stayed all proceedings in trial court cause no. CCL 87–2696 on the docket of the County Court at Law of Anderson County, Texas, styled *The State of Texas v. Ben G. Parrish*, et ux,[1] pending our determination of Relator's petition for mandamus.

Relator seeks in this original proceeding a writ of mandamus to compel Respondent, the Honorable Bascom W. Bentley, III, Judge of the County Court at Law of Anderson County, Texas, to vacate his order of February 22, 1988, compelling the production of certain documents and memoranda pursuant to Tex.R.Civ.P. 166b and 167,[2] and his order of March 9, 1988, denying Relator's motion for protection, filed as authorized by Rule 166b(5).[3]

On November 17, 1987, Ben Parrish and wife, Wilma R. Parrish (hereafter Parrish), served requests for production of certain documents. A copy of such requests was filed with the trial clerk on the next day. The requests read, in pertinent part, as follows:

> Request for Production No. 2: You are requested to produce all appraisals and/or written reports The State of Texas has received on any parcel and/or tract within three (3) miles of Defendants' property.

> Request for Production No. 3: You are requested to produce all notes, memorandums and written documents on comparables The State of Texas appraiser or appraisers have used in arriving at a value of any tract and/or parcels of land described in Request Number 1 and 2 above.

> Request for Production No. 4: You are requested to produce any surveys or engineers [sic] reports with respect to Defendants' property or any tract and/or parcel of land within three(3) miles thereof that The State of Texas has prepared or caused to be prepared and has obtained access to.

> Request for Production No. 5: You are requested to produce all written offers The State of Texas has made to any owner of real property located within three (3) miles of Defendants' property.

> Request for Production No. 6: You are requested to produce any and all notes,

---

1. A condemnation suit involving a partial taking of the Parrish property for highway purposes.

2. All references to rules are to the current Texas Rules of Civil Procedure unless otherwise indicated.

3. We have jurisdiction of this proceeding under Tex.Gov't Code Ann. § 22.221 (Vernon Supp. 1988). *See Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434 (1959).

reports, memorandums or written documents from any and all expert witnesses which The State of Texas intends to use at the time of trial of the above entitled and numbered cause.

Request for Production No. 7: You are requested to produce any and all photographs of the Defendants' property and of any and all tracts or parcels of land within three (3) miles thereof.

Under the terms of the requests, the documents sought were to be delivered to Parrish's counsel on December 16, 1987.

Relator timely filed responses to these requests and by its responses agreed to comply with requests 1 and 6, but objected to requests 2 and 5. Relator agreed to comply with requests 3 and 7 to the extent that they called for documents also sought under request no. 1 (relating solely to Parrish's properties), but otherwise objected to requests 3 and 7. Relator agreed to comply with request no. 4 to the extent of producing "right-of-way maps, and of schematic and profile sheet relating to [the] immediate ... area of [Parrish's land]...." but otherwise objected thereto.

In each instance, the sole objection made reads:

[The request] is overly broad, unduly burdensome, onerous and harrassing [sic], vague, outside the proper scope of discovery, irrelevant, immaterial, not reasonably calculated to lead to the discovery of admissible evidence, and fails to describe the items sought with reasonable particularity.

In addition to filing the objections, Relator filed a motion for protective orders, alleging "that approximately fifty-two separate parcels within three (3) miles of [Parrish's] property" are to be acquired in connection with the construction of a highway project.[4] In substance Relator contends that the court should not compel the production of the documents sought by requests 2, 3, 4, 5, 6, and 7 as to every parcel located within three miles of Parrish's property, whether or not comparable to

those properties, because to do so would cast an undue burden and an unnecessary expense on Relator and would constitute harassment. Relator also alleged that certain of the parcels to be acquired for the project "are presently involved in either the negotiation process or condemnation litigation." Finally, Relator asserted that all of the requests "are vague, lacking in particularity, irrelevant, immaterial, outside the proper scope of discovery, and not reasonably calculated to lead to the discovery of admissible evidence."

On December 29, 1987, Parrish, after being served with copies of Relator's objections to the requests and motion for protection, filed a motion denominated "Motion For Sanctions For Failing To Sufficiently Answer Interrogatories And Request For Production." Parrish alleged that Relator failed "to sufficiently answer" certain interrogatories and requests for production of documents, that the time for answering the interrogatories and complying with the request had expired, and sought sanctions under the provisions of the applicable discovery rules.

On February 19, 1988, the trial court conducted an evidentiary hearing on Parrish's motion for sanctions[5] and Relator's objections and motion for protection. Following the hearing the trial court signed an order compelling production by Relator of the following documents and things, to wit:

1. All appraisals and/or written reports of values The State of Texas has received on any parcel and/or tract within three (3) miles of Defendants' property within five (5) years of the 'date of taking' of Defendants' property.

2. All notes, memorandums and written documents on comparables The State of Texas appraiser or appraisers have used in arriving at a value on any tract and/or parcel of land described within three (3) miles of the Defendants' property within five (5)

---

**4.** The project is the extension of north Loop 256 around the city of Palestine from U.S. Highway 79 to State Highway 155.

**5.** Parrish's counsel stated at the hearing, "We simply want the discovery compelled."

years of the 'date of taking' of Defendants' property.

3. All surveys or engineers [sic] reports with respect to the Defendants' property or any tract and/or parcel of land within three (3) miles thereof that The State of Texas has prepared or caused to be prepared and has obtained access to, said production being limited to those tracts and/or parcels of land falling within that project known as extension of the loop around Palestine, for which the Defendants' property has been taken.

4. All written offers The State of Texas has made to any owner of real property located within three (3) miles of Defendants' property within five (5) years of the 'date of taking' of Defendants' property.

5. Any and all photographs of the Defendants' property and of any and all tracts or parcels of land within three (3) miles thereof, limited to those properties photographed with respect to the project known as the extension of the loop around Palestine.

Relator's petition for the writ is grounded on two arguments.[6] First, it claims that the court abused its discretion in ordering the discovery of appraisals and other documents relating to tracts or parcels of land *comparable* to Parrish's property because certain of those parcels are the subject of either "pre-condemnation negotiations or condemnation proceedings pending at the trial [court] level [and] ... are not discoverable." Second, the trial court abused its discretion in compelling the discovery of appraisals and other documents relating to tracts or parcels of land *not comparable* to Parrish's property because such information is not *relevant* to the subject matter of the underlying condemnation action. In response, Parish argues that Relator waived its right to complain of the trial court's

discovery order by its failure to: (1) incorporate in either its objections to his request for production, or its motion for a protective order, the specific reasons justifying denial of the discovery sought; (2) request a hearing on its objections and motion; and (3) produce evidence[7] to establish the specific privilege or reasons which bar discovery. Parrish also contends that the trial court did not abuse its discretion in compelling the discovery.

At the hearing one witness was produced, James R. Allen, Right-of-Way Supervisor of the Tyler District of the State Department of Highways and Public Transportation. Allen, called by Relator, testified that seventy separate parcels of land were being acquired by the State to accommodate an extension of Loop 256 around Palestine. He identified the Parrish property as parcel no. 78, and stated that 8.784 acres were taken out of Parrish's original 28.15–acre tract for the project. The date of taking was December 21, 1987. Allen related that several metal sheds were located on parcel 78 at that time. He testified that the original 28.15–acre tract was not a part of a platted subdivision.

By Allen's undisputed testimony, four parcels[8] of land included within Parrish's request for production are included in the loop project and are the subjects of precondemnation negotiations between the State and landowners. Allen identified four parcels[9] likewise included in the project that are the subject of pending condemnation suits in court. Allen testified that Alexander Nemer will testify as an expert in Parrish's case, but that Nemer is not designated as the value witness to testify in the trial of the condemnation suits involving the four parcels in the second group described above.

Allen also gave undisputed testimony

---

6. During oral argument of the cause, Relator abandoned a third argument founded on Tex. Rev.Civ.Stat.Ann. art. 6252–17a, § 3(a)(5) (Vernon Supp.1988).

7. Parrish's response and brief was filed in this court before the statement of facts was prepared

and filed in this cause. The statement of facts was filed on the morning of the hearing.

8. Nos. 17, 22, 44, and 48.

9. Nos. 31, 33, 33E, and 80.

identifying seven parcels[10] of land likewise involved in the project that are located within platted subdivisions. Five of these parcels[11] are vacant lots, and two[12] are improved with residences. He also testified that while parcel no. 73 was not located within a platted subdivision, it was improved with a residence.

Rule 166b (2)(a) permits discovery where the item sought is relevant to the subject matter of the pending action. The rule expressly provides, "[i]t is not ground for objection that the information sought will be *inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.*" (Emphasis ours.)

Rule 166b(5) provides an alternative procedure to Rule 166b(4) and Rule 167(1)(d) for a party resisting discovery, and authorizes the trial court to make an order "in the interest of justice necessary to protect the movant from undue burden, unnecessary expense, harassment or annoyance....," denying or limiting the discovery sought. Under either provision of the rule, the party resisting or seeking to limit discovery must specifically allege the privilege, exemption, immunity, or reason claimed to support the objection or motion. From our reading of Rule 166b(4) and (5), it seems clear that in most cases, the trial court may either conduct an in camera inspection of the documents sought by discovery, or an evidentiary hearing to determine a motion for protective orders. If the trial court decides "that an IN CAMERA inspection ... is necessary, the objecting [moving] party must *segregate and produce the documents.*" Rule 166b(4). (Emphasis added.)

█ Here, the trial court did not order an in camera inspection of the appraisal reports or other documents sought by Parrish. However he did conduct, albeit at Parrish's request, an evidentiary hearing *before* ruling on the motions of either party. Rule 166b(4) expressly provides that the party resisting discovery by filing objections "must ... produce evidence supporting [his] claim in the form of affidavits or live testimony presented at a hearing requested by either ... party." We conclude that these provisions are equally applicable to hearings conducted on motions for protective orders. As earlier noted, the record shows that at the hearing the trial court properly considered Parrish's and Relator's motions, Relator's objections, and the evidence produced in support of Relator's claims. *Weisel Enterprises, Inc. v. Curry,* 718 S.W.2d 56, 57 (Tex.1986).

In *Ex parte Shepperd,*[13] the Supreme Court, as we read the opinion, held that appraisals relating to *comparable* properties other than those subject to the condemnation suit, prepared by an expert who will appear as a value witness in the condemnation case in which the discovery is sought, are discoverable, except that appraisals covering lands which are also the subject of condemnation proceedings pending in a trial or appellate court at the time of the discovery request are not discoverable, unless the expert has appeared, or will appear as a value witness in those other judicial proceedings; that appraisals covering lands which are the subject of (1) a condemnation proceeding pending before special commissioners, or (2) a special commissioners' award which has not become final under Tex.Gov't Code Ann. § 21.061 (Vernon 1984), or (3) pre-award negotiations resulting from a threat of condemnation between parties vested with the powers of eminent domain and the landowners, are not discoverable in any event. *Ex parte Shepperd,* 513 S.W.2d at 817.

█ We now address Relator's first point that the trial court abused its discretion in compelling production of appraisals and other documents covering lands involved in "pre-condemnation negotiations

---

**10.** Nos. 5, 7, 23, 25, 31, 33, and 33E.

**11.** Nos. 23, 25, 31, 33, and 33E.

**12.** Parcels 5 and 7.

**13.** 513 S.W.2d 813, 817 (Tex.1974). Although the court was interpreting and applying former Rule 167, we conclude the holding in *Shepperd* discussed in this opinion is still authoritative under the current discovery rules.

or condemnation proceedings pending at the trial [court] level." We are persuaded that the allegations made by Relator in paragraph VI [14] of its motion for protection are sufficiently specific to permit proof of the identity of the specific parcels so situated.

The undisputed testimony of James R. Allen establishes that parcels 17, 22, 44, and 48 are the subject of negotiations for purchase between the State and the landowner, and that parcels 31, 33, 33E, and 80 are the subjects of condemnation suits pending in court. Allen testified without contradiction that Alexander Nemer has not been designated by the State as a value witness to appear and testify in the suits involving parcels 31, 33, 33E, and 80. We conclude, therefore, that the appraisal reports, the documents thereto attached, notes, written documents, surveys, engineer's reports, written offers of the State, and photographs relating to parcels 17, 22, 31, 33, 33E, 44, 48, and 80 are not discoverable, and that the trial court clearly abused its discretion in compelling their production. *Shepperd*, 513 S.W.2d at 817.

■ We also sustain Relator's second contention that the trial court abused its discretion by compelling production of appraisals, the documents thereto attached, and the matters enumerated above, relating to certain tracts [15] involved in the project not comparable to Parrish's properties, and thus not relevant to the subject matter of Parrish's suit.

Tex.R.Evid. 401 reads: " 'Relevant Evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex.R. Evid. 402 declares that "[a]ll relevant evidence is admissible, except as otherwise provided by constitution, by statute, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory

authority. Evidence which is not relevant is inadmissible."

As already observed, Rule 166b(2)(a), in part, expressly provides that in discovery matters, "[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Hence, *relevant* information, though itself inadmissible, is discoverable in order "[t]o increase the likelihood that all relevant evidence will be ... brought before the trier of the fact...." *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex.1984). In *Jampole*, Justice Spears, writing for the majority, held that the trial judge's denial of discovery to plaintiff Jampole in a products liability suit constituted an abuse of discretion *because the information there sought was relevant* to Jampole's action, citing in support, *Boatland of Houston, Inc. v. Bailey*, 609 S.W.2d 743, 746 (Tex. 1980).

The record before us reveals that the State proved by uncontroverted evidence that parcels 5, 7, and 73 are improved with residences. Appraisals of these dissimilar tracts are not relevant to the market value of respondent's properties. *State v. Chavers*, 454 S.W.2d 395, 397 (Tex.1970). Likewise, the record reveals that parcels 23 and 25 of the loop project, though vacant lands, are a part of a platted subdivision, whereas Parrish's lands consist of 28.15 acres of undeveloped, unplatted land. The appraisals of these dissimilar tracts are not relevant to a determination of the market value of Parrish's properties. *State v. Willey*, 360 S.W.2d 524, 525 (Tex.1962). Consequently, such appraisals are not discoverable. *Jampole*, 673 S.W.2d at 574. We therefore conclude that the trial judge abused his discretion in compelling the State to produce the appraisals, the documents thereto attached, notes, written documents, surveys, engineer's reports, written offers of the State, and photo-

---

**14.** Paragraph VI reads:

"Plaintiff would further show that of the parcels located within three miles of the Defendants' property, a certain number are presently involved in either the negotiation process or condemnation litigation."

**15.** Parcels 5, 7, 73, 23, and 25.

graphs relating to parcels 5, 7, 23, 25, and 73.

We vacate our order of March 23, 1988, staying proceedings in the trial court and conditionally grant the writ of mandamus.[16] We are confident that Judge Bentley will abide our decisions in these matters, thus the writ will not issue unless he fails to vacate his order of February 22, 1988, compelling production, and his order of March 9, 1988, denying Relator's motion for pretrial orders, in which event the Clerk of this Court shall forthwith issue the writ, and it is so ordered.

16. Our opinion and order is not to be construed as precluding Judge Bentley from signing new orders in response to Parrish's requests and motion to compel, and Relator's motion for protective orders, consistent with this opinion, with or without another evidentiary hearing or in camera inspection as he, in his discretion, may deem appropriate.